## Commonwealth *v.* Jackson, Appellant.

Submitted March 22, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Sallie Ann Radick* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 15, 1971:

On February 27, 1958, a jury found appellant guilty of murder in the first degree. Motions for a new trial and arrest of judgment were filed March 3, 1958, but they were later withdrawn on June 26, 1958, and no appeal was taken. Appellant was sentenced to life imprisonment on June 26, 1958. A petition for writ of habeas corpus was filed by appellant on October 8, 1964, and was dismissed by opinion and order of Judge ELLENBOGEN on September 2, 1965. On May 26, 1969, appellant filed a petition under the Post Conviction Hearing Act. After a hearing, this petition was dismissed by order and opinion dated September 9, 1970. It is the dismissal of that petition which is the subject of this appeal.

Although appellant raised several allegations in his post-conviction petition, his appeal from the dismissal of that petition concerns only one allegation. He claims that he did not knowingly and intelligently waive his right of appeal. The post-conviction hearing judge found that appellant did not appeal his conviction and sentence because: "(1) he wished to avoid the hazard of a death sentence if a new trial were granted and (2) his lawyer found no merit in an appeal and thought an appeal would be fruitless."

We held in *Commonwealth v. Littlejohn,* 433 Pa. 336, 250 A. 2d 811 (1969), at 349, that: "A decision not to appeal because of [fear of the death penalty]

cannot, as a matter of law, be a knowing and voluntary waiver of the right to appeal."

The post-conviction hearing judge believed that *Littlejohn* was inapplicable because the fear of the death penalty was not the sole reason for not filing an appeal.

We do not agree. Appellant's trial attorney testified at the post-conviction hearing that the main consideration in not appealing was that he might receive the death penalty. Under such circumstances, he cannot be held to have waived his right of appeal voluntarily.

Order reversed and case remanded with directions that appellant be permitted to file post-trial motions as though timely filed.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

In 1958, defendant *while represented by counsel* was convicted of first-degree murder. One of defendant's two reasons for not appealing his conviction and sentence was "(2) his lawyer found no merit in an appeal and thought an appeal would be fruitless." Can anyone imagine a better reason for denying a new trial 12 or 13 years after conviction?

If there is one good reason for holding that an appeal should not be taken, what legal difference should it make if defendant alleges another good reason or ground (fear of the death penalty on retrial) why he should have been allowed to take an appeal?

Is there never to be an end to the endless appeals by a convicted murderer?