## Commonwealth *v.* Chase, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard D. Walker,* Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 3, 1974:

This appeal comes to us from the denial of appellant's petition for relief under the Post Conviction Hearing Act, 19 P.S. §§1180-1 et seq. (Supp. 1973). The only issue which appellant now raises is whether his allegations, combined with the record establish, as a question of fact, that the appellant may not have knowingly and intelligently waived his right to appeal from his conviction of possession and trafficking in narcotics.[1] Specifically the appellant urges that neither the colloquy after trial nor subsequent discussions with his attorney before sentencing were sufficient to put him on notice that by not filing post-trial motions the appellant was waiving his right to appeal errors at

---

[1] The appellant previously filed a blunderbuss P.C.H.A. petition in which he alleged the following claims for relief: (1) The introduction into evidence of an illegal statement; (2) The infringement of the privilege against self-incrimination; (3) Incompetent counsel; (4) The unconstitutional suppression of evidence by the Commonwealth; (5) The use by the Commonwealth of perjured testimony; (6) The obstruction of defendant's right to appeal. That petition was also denied without a hearing because there were no facts alleged, or of record, which supported those contentions. We note that appellant's sixth contention in his prior petition is very similar to the issue raised in the instant appeal. There would seem to be a substantial question as to whether the appellant by failing to appeal the denial of relief under that prior petition, has either waived or finally litigated that question. However, since neither the Commonwealth in its brief, nor the lower court in its memorandum opinion, cited that as a reason for denying relief we shall not consider the waiver issue herein. See *Commonwealth v. Ritchey,* 431 Pa. 269, 271-72 at n. 1 (1968).

trial which were not grievous enough to be cognizable under the Post Conviction Hearing Act. We disagree.

The colloquy, which immediately followed the trial, went as follows: "Mr. Dils (Appellant's attorney) : Mr. Chase, the Court has found you guilty of trafficking and possession of narcotics. You have a right to file motions for a new trial within seven days from this date and motions for arrest of judgment if you desire to do so. Your Honor, I would request seven days to confer with him. THE COURT: Yes, I don't plan to impose sentence at this time. I want you, Mr. Chase, to confer with your attorney. Let me tell you on the record I think Mr. Dils is representing you as a public defender . . . Mr. Dils: No. Your Honor, this is private counsel. THE COURT: Private Counsel, and I presume he will continue to represent you as private counsel but should you not be able to afford private counsel, the County, through its public defenders staff will represent you free if you are entitled of that representation because of your financial situation. We advise you of these things on the record and advise you again that you have seven days within which to file appropriate motions if you decide to contest the adjudication that was rendered in Court." Furthermore, appellant's counsel did discuss the filing of post-trial motions with the appellant during the ensuing seven-day period. In his P.C.H.A. petition the appellant stated that he "told his lawyer to file post-trial motions but that his lawyer advised him not to file any motions for a new trial . . . because it would make counsel's effort more easier [sic] to have the Court impose a lenient sentence to the County Prison if the Court was aware that no appeal was taken. . . ." Coupled with the court's information that the post-trial motions must be filed within seven days if the appellant wishes "to contest the adjudication," this advice clearly indicates that the appellant was adequately informed and knowingly and

316

intelligently bypassed a direct appeal with the expectation of gaining a lighter sentence. The fact that appellant's expectations were not fulfilled when he received the maximum sentence does not make his decision any less knowing or intelligent. This conclusion is underscored by the fact that the record does not manifest, nor does the appellant point to, any error at trial which would require reversal.

Order affirmed.