369 A.2d 370
COMMONWEALTH of Pennsylvania
v.
John BOWERS, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 8, 1975.

Decided Nov. 22, 1976.

Robert F. Simone, Philadelphia, for appellant.

Ralph B. D'Iorio, Assistant District Attorney, Media, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's petition for relief under the Post Conviction Hearing Act.[1]

On October 22, 1970, appellant was convicted after a trial by jury of burglary, larceny, robbery, and conspiracy. Motions in arrest of judgment or for a new trial were filed by the attorney who had tried the case, A. Charles Peruto, Esquire, and were dismissed. Bernard L. Segal, Esquire, then became appellant's attorney. He filed a direct appeal to this court, which resulted in a *per curiam* affirmance, *Commonwealth v. Bowers*, 222 Pa. Super. 713, 294 A.2d 752 (1972); the Supreme Court then allowed a further appeal but later dismissed it as improvidently granted, *Commonwealth v. Bowers*, 455 Pa. 646, 317 A.2d 192 (1973). The only issue raised on these two appeals was whether the trial judge had erred in ruling that the Commonwealth could impeach appellant's credibility by evidence of a prior felony conviction.

Appellant's representation was next assumed by Robert F. Simone, Esquire. He filed a PCHA petition raising certain issues not raised either by Mr. Peruto or by Mr. Segal.[2] Paragraph 9 of the petition alleges, in pertinent part as follows:

The issues which the Petitioner has raised in this Petition have not been finally litigated or waived because the Petitioner never made a *knowing* and *under-*

---

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180-1 *et seq.* (Supp.1975).

2. It is unnecessary to state these issues in detail. Generally, they concern the alleged failure of the district attorney to disclose exculpatory evidence, the identification of petitioner by two prosecution witnesses, the impeachment of a defense witness, and the failure to sequester a Commonwealth witness.

*standing* [emphasis in original]' waiver of his right to raise these issues at prior proceeding [*sic*] . . . . Counsel for Petitioner on Appeal raised but one issue before the Superior and Supreme Courts . . . . As a review of Paragraph 5 supra will reveal, many other more substantial and compelling defects in the conduct that the trial existed. [*Sic*] Nevertheless, the Petitioner was unaware of the existence of these defects and trusted his attorneys on Appeal to raise significant issues to correct the conduct of the trial . . . . Petitioner only realized that there were other more significant basis [*sic*] for vacating his conviction when new counsel reviewed the trial transcript and so advised him.

The petition was dismissed by the lower court without a hearing. This appeal followed.

Section 4(b) of the Post Conviction Hearing Act, *supra*, 19 P.S. § 1180–4(b), provides in pertinent part that an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . on appeal . . . and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

The lower court held that these two provisions required the conclusion that appellant had waived the issues raised in his PCHA petition. As to the first provision, the court observed that Mr. Segal could have raised the issues on appeal, but had not. As to the second provision, the court recognized that proof of Mr. Segal's incompetence would constitute proof of extraordinary circumstances. The court held, however, that appellant had offered no such proof.

In response to the lower court's decision, appellant first contends that "knowingly and understanding-

ly" is to be read as applying to him personally, that is, as meaning that an issue is waived only if he himself "knowingly and understandingly failed to raise it." Appellant's Brief at 28.

Appellant's contention would have merit as regards some issues. For example: whether in pleading guilty, the defendant waived his right to trial, *Commonwealth v. Hayes*, 462 Pa. 291, 341 A.2d 85 (1975); *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A.2d 699 (1966); or whether in agreeing to a bench trial, he waived his right to a jury, *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973); *Commonwealth v. Favors*, 227 Pa.Super. 120, 323 A.2d 85 (1974); *Commonwealth v. Jordan*, 215 Pa.Super. 537, 258 A.2d 688 (1969); or whether he understood the consequences of failing to file post-trial motions, *Commonwealth v. Chase*, 227 Pa.Super. 313, 323 A.2d 77 (1974); *Commonwealth v. Sumpter*, 222 Pa.Super. 283, 295 A.2d 128 (1972); or whether he understood his right to appeal, *Commonwealth v. Jackson*, 443 Pa. 553, 279 A.2d 163 (1971); *Commonwealth v. Gilmer*, 441 Pa. 170, 270 A.2d 693 (1970); *Commonwealth v. Payton*, 431 Pa. 105, 244 A.2d 644 (1968); *Commonwealth ex rel. Booker v. Duggan*, 424 Pa. 394, 227 A.2d 168 (1967). The contention is without merit, however, where, as here, the issues concern the manner in which the trial was conducted. In holding that such issues are waived when not earlier raised, the lower court applied the correct standard of whether the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest. In applying this standard, the court recognized the hindsight evaluation is not appropriate. *Commonwealth v. Woody*, 440 Pa. 569, 573, 271 A.2d 477, 480 (1970).

The question, in other words, is what was counsel's state of mind, not what was his client's. True, a failure by appellate counsel to preserve a meritorious issue for

appellate review may be a basis for relief. *Commonwealth v. Drummond,* 238 Pa.Super. 311, 318, 357 A.2d 600, 604 (1976), citing *Commonwealth v. Dancer,* 460 Pa. 95, 101, 331 A.2d 435, 438 (1975). However, not every issue must be raised on direct appeal. There may be strategic reasons for only raising certain issues. An argument will almost always be more effective if it concentrates upon a few relatively strong issues, and avoids obscuring these by reference to weaker issues. In making such strategic decisions, counsel is not always obliged to consult with his client. *Commonwealth v. Gambrell,* 450 Pa. 290, 295, 301 A.2d 596, 598 (1973). Absent a showing of incompetency, counsel's strategic decisions are binding on his client. *Id.* at 295, 301 A.2d at 598. In short, it is not important whether appellant knew and understood all of the legal issues that Mr. Segal as his appellate counsel might have raised; but it is important whether Mr. Segal knew and understood those issues, and if he did, why he did not raise them.

■ Appellant next contends that he was unable to show that Mr. Segal was incompetent (and thereby prove "extraordinary circumstances") because the lower court refused to hold an evidentiary hearing at which appellant could have developed his "factual averments" of incompetence. Appellant's Brief at 39.

The entire PCHA transcript consists of four pages, the essence of which is as follows:

MR. SIMONE: Your Honor, I just spoke with Mr. Reilly. A great deal of the facts involved in this case are contained in the notes of testimony from the trial, which have been submitted as exhibits. And I suggested to Mr. Reilly a very short conference with him and Your Honor could probably save a great deal of time with regard to the facts that Your Honor should consider on the petition; and he has no objection . . .

(Conference in Chambers, following which:)

MR. SIMONE: If Your Honor please I represent John Bowers. I would like to show that we did meet in Chambers with the District Attorney a few minutes ago, at which time we discussed the procedure to be followed in this case. I have submitted to the Court Exhibits A through H as part of our petition, and I offer them in evidence for the purpose of determining the facts of this hearing . . . Mr. Reilly has advised me that he does not object to the submission of Mr. Peruto's affidavit. However, he is not adopting it per se, but he doesn't object to it . . .. Your Honor, the facts of this case which in my opinion support our petition are contained in all of the exhibits and the record of the trial below. Rather than have a very lengthy hearing factually, I am asking Your Honor to accept the record or those parts of the record along with the exhibits that have been submitted, give defense counsel an opportunity to file a memorandum of law or brief, say within two weeks; and I would be satisfied that Your Honor decide this case on the law and the facts of the record and the exhibits . . . .

THE COURT: Do you have any objections?

MR. REILLY: No objections, Your Honor.

THE COURT: We will permit you to file your brief within two weeks from today and give the District Attorney an additional ten days to file a reply brief, and we will make a disposition. Make this part of the record please.

From this it is evident that the lower court did not deny appellant an evidentiary hearing; appellant's counsel said he did not want one, and the court acquiesced.[3]

3. In appellant's "History of the Case" counsel states that "[t]he understanding arrived at was that the court would either rule favorably upon the Petition, based upon the record existing then, or would, alternatively, permit Petitioner the evidentiary hearing necessary to demonstrate the procedural defects complained of to

We are aware of our responsibility to make an independent review of the record when ineffectiveness of counsel is alleged. *Commonwealth v. Woody, supra,* 440 Pa. at 573, 271 A.2d at 479–80; *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). It is important to note, however, at what point this responsibility arises.

In the present case, appellant's counsel has argued that because of certain events that occurred either before or during trial, we should grant appellant's PCHA petition and order a new trial. For example, to quote only the first of counsel's arguments, it is said that "Prosecution witness John Brady's testimony identifying the petitioner was wrongfully admitted into evidence since the manner by which the line-up was conducted, the nature of the witness' identification, and the standard by which the legality of the line-up was tested were all improper." Appellant's Brief at 39. It appears to be counsel's impression that simply by making this argument, he imposes on this court the responsibility to examine the trial record and determine whether there is any merit to the argument.

■ It is not our responsibility to make such an examination, and we have not done it. The allegation is

the satisfaction of the court." Appellant's Brief at 17. This statement is to be regretted. In the first place, if there was such an "understanding," it was counsel's responsibility to state it of record, which he did not do. Since he did not, he is precluded from stating it in his brief. Pa.R.App.Proc. 2118(d); ABA Code of Professional Responsibility, Canon No. 7–25 and Disciplinary Rule 7–106(c)(1). In the second place, the statement is susceptible of being read as an attack upon the court's integrity, in which case it should be either retracted or substantiated. *See* ABA Code of Professional Responsibility, Disciplinary Rule 8–102(b). We have chosen not to read it in this way but rather as saying that *counsel* understood that the court would proceed in a certain way. It seems obvious that the court did not share counsel's understanding. Had counsel fulfilled his responsibility to state of record what he believed had been agreed to during the conference in chambers, he could have made sure that both he and the court were of the same mind as to the procedure that would be followed.

not that trial counsel, Mr. Peruto, was ineffective, but that appellate counsel, Mr. Segal, was. It was therefore incumbent upon PCHA counsel, Mr. Simone, to present to the PCHA hearing judge some evidence from which it could be determined whether Mr. Segal was incompetent, specifically, as has been discussed, whether Mr. Segal had any reasonable basis for the manner in which he conducted the appeal. Had PCHA counsel presented any such evidence, then, but not until then, he would have imposed upon us the responsibility of making an independent examination of the trial record. In fact, however, he did not present any such evidence; the only evidence he presented concerned not Mr. Segal but Mr. Peruto.

█ In this regard we note that PCHA counsel apparently did present to the PCHA hearing judge certain allegations regarding Mr. Segal. Thus in its opinion the lower court says:

> In support of petitioner's contention in this regard [that there were "extraordinary circumstances" because Mr. Segal was incompetent], he advances certain factual allegations which indicate that petitioner and his wife met with Bernard Segal, Esquire (petitioner's appellate counsel) and on several occasions, at which time he alerted Mr. Segal to certain trial and pre-trial errors, he was assured by Mr. Segal that these would be rectified in the appellate courts. However, when appellant's brief was filed, appellant was " . . . astonished to see for the first time that the most substantial and prominent issues were not raised on appeal."

Slip opinion of lower court at 4–5.

As nearly as we can tell, these "factual allegations" were made in a supplemental brief that PCHA counsel filed with the PCHA hearing judge. Thus in its opinion the lower court says that "petitioner now argues by way of a supplemental brief that his appellate counsel's dereliction

in raising issues now deemed of substantial and compelling import leads one to the inevitable conclusion that the petitioner was denied the 'effective assistance of counsel' on his post-verdict motions and direct appeals." Slip opinion of lower court at 3. If indeed this was the procedure, it was most improper. An attorney should never make a "factual allegation" in a brief without being able to support it by citations to evidence of record. Pa.R. App.Proc. 1926; ABA Canons of Professional Responsibility, Canon No. 7–25 and Disciplinary Rule 7–106(c)(1). In any event, whatever the procedure was, the "factual allegations" are not supported by anything in the record before us, and we shall accordingly ignore them, as the lower court should have done.

█ Thus the case comes down to this: Appellate counsel did not raise certain issues regarding the conduct of the trial. PCHA counsel argues that this shows that appellate counsel was incompetent. He fails, however, to offer to the PCHA hearing judge any evidence that appellate counsel had no reasonable basis for not raising the issues. Such a record offers no reason for us to grant relief.

The order of the lower court is affirmed.

CERCONE and PRICE, JJ., concur in the result.