417 A.2d 1220

**COMMONWEALTH of Pennsylvania**

v.

**James AUSTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Jan. 4, 1980.

1

2

Theodore H. Swan, Abington, for appellant.

John A. Burfete, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HOFFMAN, Judge:

Appellant contends that trial counsel was ineffective because he: 1) failed adequately to confer with appellant; 2) decided to have appellant testify about his mental state at the time of the crime; and 3) failed to object to the charge of the court. We agree that counsel was ineffective for failing to object to the charge of the court and, therefore, reverse in part and remand for a new trial. We otherwise affirm.

* President Judge Francis J. Catania of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

4

On January 15, 1973, a jury convicted appellant of robbery,[1] robbery while armed with an offensive weapon,[2] robbery with one or more person or persons,[3] burglary,[4] conspiracy,[5] violation of the Uniform Firearms Act[6] and Wantonly Pointing Firearms.[7] Appellant filed post-verdict motions but withdrew them before imposition of sentence. On October 12, 1973, the trial court sentenced appellant to concurrent terms of imprisonment of 3 to 10 years for robbery and burglary, and suspended sentence on the other charges. On June 2, 1978, appellant, acting *pro se,* filed a petition under the Post Conviction Hearing Act.[8] The PCHA court appointed counsel, who filed an amended petition alleging ineffective assistance of trial counsel. The PCHA court denied relief, and this appeal followed.

Appellant argues that counsel conferred with him before trial too briefly to permit adequate discussion of possible defenses. At the PCHA hearing, trial counsel testified that he conferred with appellant four times for less than an hour each time. Appellant told counsel that he did not remember the day of the incident, and counsel's interview with appellant's wife produced no leads to any witnesses favorable to the defense. Counsel will not be deemed ineffective if his course of conduct had any reasonable basis designed to promote the interests of his client. *E. g.,*

1. Act of June 24, 1939, P.L. 872, § 704, 18 P.S. § 4704 (1963), repealed, Act of December 6, 1972, P.L. 1482, § 5, effective 6 months from date of final enactment.

2. *Id.,* § 705, 18 P.S. § 4705.

3. *Id.*

4. *Id.,* § 901, 18 P.S. § 4901.

5. *Id.,* § 302, 18 P.S. § 4302.

6. Id., § 628, as amended, 18 P.S. § 4628.

7. Id., § 716, 18 P.S. § 4716.

8. Act of January 25, 1966, P.L. (1965), 1580, 19 P.S. § 1180–1 *et seq.* (Supp.1979), repealed, Act of April 28, 1978, P.L. 202, effective June 27, 1978, to take effect two years from the effective date.

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). A finding of ineffective assistance cannot rest merely on the fact that counsel did not extensively consult with his client. *E. g., Commonwealth v. Woody*, 440 Pa. 569, 271 A.2d 477 (1970). Appellant does not identify any evidence, witnesses or defenses counsel should have discovered and presented, nor indicate how any course other than the one counsel pursued would have been more successful. Appellant's bald assertion of ineffective assistance is insufficient to warrant relief. *See Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978); *Commonwealth v. Bowers*, 245 Pa.Super. 214, 369 A.2d 370 (1976).

 Appellant also challenges counsel's decision to have him testify. Appellant testified at trial that, before the incident, he had been treated at mental health facilities and that, at the time of the incident, he was an out-patient, receiving treatment, of a mental health clinic. Appellant further testified that he could remember nothing of the day of the incident. Trial counsel testified at the PCHA hearing that his purpose in presenting this testimony was to inform the jurors of appellant's mental state at the time of the incident. At trial, counsel did not enter any further evidence of insanity or diminished capacity and stipulated to a psychiatric report concluding that appellant was mentally competent to stand trial. Appellant attacks counsel's strategy on the ground that because his trial testimony was insufficient to show either insanity or diminished capacity, counsel should have either avoided the area or presented a full defense of mental incapacity. He asserts that his testimony amounted to an admission that he was present at the scene of the crime and that counsel should not have stipulated to the psychiatric report without eliciting testimony distinguishing capacity to stand trial from insanity.

At the PCHA hearing, appellant failed to indicate that any evidence existed to show that, at the time of the crimes, he suffered either diminished capacity or from insanity. Thus, he cannot fault counsel for failing to substantiate these defenses. *See Commonwealth v. Roach, supra* (counsel

not ineffective for failing to undertake useless task). His complaint that counsel, accordingly, should not have presented any evidence of mental incapacity at the time of the crimes is without merit. Counsel's strategy, even if weak, at least alerted the jurors to appellant's questionable mental status and was more likely to promote appellant's interests than a decision to make no attempt to convey this information. Contrary to appellant's assertion, counsel's strategy did not subject him to any additional risk of harm. From appellant's statement that he could not remember anything of the day in question, a juror could not reasonably have determined that appellant admitted presence at the scene. Finally, counsel's stipulation to the psychiatric report was not ineffective assistance. Appellant argues that the report served as evidence of his mental capacity to commit the crimes. Counsel's stipulation, however, occurred out of the hearing of the jury, who, as a result, did not know of the agreement or of the contents of the report.

Counsel, however, was ineffective in failing to object to the charge of the court. In its charge on the crime of robbery with an offensive weapon, the court instructed the jury that, based on evidence that appellant had carried a .22 caliber pistol during the incident, the weapon involved "certainly is an offensive one, as that term is used in the law." Although a trial court may express its opinion on evidence presented, it must emphasize that it is offering only an opinion and that the jury must determine the facts of the case. *E. g., Commonwealth v. Dougherty*, 259 Pa.Super. 88, 393 A.2d 730 (1978). Here, the court did not merely offer an opinion of the facts established; it instructed the jury that the evidence proved one of the elements of the crime charged. Despite the court's earlier, general instruction that the jurors were the ultimate finders of fact, the jury could have thought that the court was directing them on a matter of law, as the instruction purported to do. Thus, the instruction was error whose effect we cannot deem harmless. *See generally Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978). Counsel could have had no reasonable basis

designed to promote appellant's interests in failing to object to the court's usurpation of the jury's function, and did not offer one at the PCHA hearing. *See Commonwealth ex rel. Washington v. Maroney, supra.*

We reverse the order of the PCHA court and remand for a new trial on the charge of robbery with an offensive weapon; affirm the order of the PCHA court in all other respects; and remand to the trial court for resentencing on the other convictions. *See Commonwealth v. Anzalone,* 269 Pa.Super. 549, 410 A.2d 838 (1979).

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent.

The statement of the trial court contained in the charge of robbery with a pistol "certainly is an offensive one, as that term is used in the law"; was not improper. When considered as a whole, the charge of the court met all the requirements of the law. The appellant received a fair trial. An examination of the record reveals that his guilt was established beyond a reasonable doubt. I, therefore, dissent.