424 A.2d 1332

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Derrick PETTUS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1980.

Decided Feb. 5, 1981.

Albert M. Bender, Robert G. Schwartz, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Sarah Vandenbraak, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

On March 1, 1977 Appellant, Derrick Pettus, was convicted in a jury trial of murder of the third degree, conspiracy, and possession of an instrument of crime. After denying post-trial motions, the trial court sentenced appellant to four to ten years on the murder conviction and one to two years on the remaining convictions. Appellant did not pursue a direct appeal. Three years thereafter, appellant obtained new counsel and filed a petition under the Post-Conviction Hearing Act[1] alleging, *inter alia*, trial counsel's ineffectiveness in failing to perfect an appeal on his behalf. The P.C.H.A. court granted Appellant the right to appeal from the judgment of sentence nunc pro tunc. Appellant's appeal to this Court alleges insufficiency of the evidence, and ineffectiveness of trial counsel.

In response to an insufficiency of evidence claim, we view all the evidence in the light most favorable to the verdict winner, accepting as true all direct and circumstantial evidence which, if believed, would support a finding that the accused is guilty of the crime of which he is charged beyond

[1]. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp. 1979–80).

a reasonable doubt. *Commonwealth v. Stockard*, 489 Pa. 209, 212, 413 A.2d 1088, 1090 (1980).

Using this standard, the record below reveals the following facts: Commonwealth witness Tyrone West testified to events on the evening of May 5, 1976, relating that appellant and West were sitting in a neighborhood park when the victim walked by. West remarked that the victim had assaulted him, and appellant spoke of revenge. Later that evening appellant and West went to the victim's home, and West threw a brick through the victim's front window. The victim came out of his house, and West ran away. As he was running, he heard a shot.

Commonwealth witness Lawrence Pickney testified that he was walking down the street on which the victim's house was located on the evening in question when he saw appellant and West confront the victim. Pickney also saw appellant point a gun in the victim's direction and misfire twice. Pickney, too, ran from the scene, and heard a gunshot. He turned around, and saw the victim fall. A bullet was later found to have pierced the victim's heart, causing his death.

Appellant argues the insufficiency of this evidence, 1) because of its circumstantial nature, and, 2) because of its unreliable quality due to testimony that each witness had consumed an unspecified quantity of wine on the night of the shooting.

We find these arguments to be without merit. The commission of a crime may be established by circumstantial evidence and was so done in this case. *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978). Evidence of drinking by witnesses goes to their credibility. Issues of credibility, solely within the province of the trier of fact, will not be reviewed on appeal. *Commonwealth v. Holmes*, 486 Pa. 415, 406 A.2d 510 (1979). The evidence clearly is sufficient to support the verdict.

Appellant argues next that he received ineffective assistance of counsel in that trial counsel failed to petition for a hearing on whether or not appellant, a juvenile of 17 years and three months at time of trial, should have been transfer-

red to juvenile court.[2] Reciting the more lenient and rehabilitative programs appellant might have enjoyed had he been tried and sentenced by a juvenile court, appellant's current counsel argues that failure to attempt to secure such benefits for a juvenile client should be *per se* ineffective assistance of counsel. We do not agree.

Appellant was charged with murder. Traditionally, the crime of murder has been considered so grave and so indicative of the need for serious sanction that it was excluded from the jurisdiction of the juvenile courts.[3] More recently, the Pennsylvania Legislature has decided that juveniles charged with murder in criminal court *may* be able to prove special circumstances and characteristics which would make them amenable to treatment through the juvenile courts, and has thus provided for transfers between the adult criminal courts and the juvenile courts.[4] No juvenile has the *right* to such a transfer. The juvenile bears the burden of showing the criminal court his or her need of and amenability to programs of rehabilitation, supervision and care. *Commonwealth v. Pyle*, 462 Pa. 613, 342 A.2d 101 (1975). Absent such evidence, a juvenile charged with murder will be tried as an adult.

We decline to adopt a *per se* rule for allegations of ineffective assistance of counsel involving failure to petition for such transfers. *Per se* rules are so harsh and depersonalizing that only in extreme cases need they even be considered. A *per se* rule for this type of ineffectiveness would in no way further the ends of justice. The question of whether to petition for such transfers can be a matter of trial strategy. For example, a trial attorney may reasonably determine that his client would benefit more from a

2. Pursuant to 11 O.S. 50–303, Act of December 6, 1972 (No. 333) § 7, repealed by and substantially reenacted at 42 Pa.C.S.A. § 6322, Act of July 9, 1976, P.L. 586 (No. 142) § 2, *as amended* April 28, 1978, P.L. 202, No. 53(85) § 10.

3. *See* Act of July 12, 1913, P.L. 711 § 11, *as amended*, 17 P.S. § 694; *see also Gaskins Case*, 430 Pa. 298, 244 A.2d 662, *cert. denied* 393 U.S. 989, 89 S.Ct. 470, 21 L.Ed.2d 451 (1968).

4. See n.2, *supra*.

jury trial in criminal court than from a trial in juvenile court where jury trials are not obtainable. Thus, allegations of such ineffectiveness must be determined on a "case by case" basis.

Appellant argues that his trial counsel was ineffective in failing to gather and marshall that amount of affirmative evidence which would have justified his transfer to juvenile court. In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967) we stated that the test for ineffectiveness involves a search of the record to discern whether some reasonable basis, designed to advance a client's interest, existed for an attorney's actions. We also stated that:

> ... a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized." *supra*, 427 Pa. at 604–605, 235 A.2d at 352–353.

Additionally, we have stated that counsel can never be found ineffective for failing to assert a meritless claim. *Commonwealth v. Giknis*, 491 Pa. 215, 420 A.2d 419 (1980).

▆▆▆ Trial counsel's failure to gather and marshall said evidence on appellant's behalf could constitute ineffectiveness only if such evidence existed. A search of the record and briefs, however, does not reveal *any* facts which would suggest appellant's amenability to special treatment or rehabilitation programs. Appellant's current counsel offers nothing more than boilerplate allegations of amenability. Without more, we will not conclude that trial counsel was ineffective in failing to petition for appellant's transfer to juvenile court. Assertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract. Boilerplate allegations of amenability are insufficient to warrant remand for an evidentiary hearing on appellant's suitability for treatment

under the juvenile court system. Thus, this issue of ineffectiveness is without merit.

Appellant's next allegation of ineffective assistance of counsel arises out of trial counsel's failure to "do more than request probation at appellant's sentencing." This claim is waived, as it was not raised below in appellant's P.C.H.A. petition, submitted by current counsel. Specific claims of ineffectiveness which are not enumerated in a counseled post-conviction petition are waived on appeal. 19 P.S. § 1180–4; Pa.R.Crim.P. 1506(4); *Commonwealth v. Mitchell*, 477 Pa. 274, 383 A.2d 930 (1978); *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978).

Judgment of sentence affirmed.

NIX, J., concurs in the result.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

The majority errs in rejecting the present allegations of ineffective assistance out of hand. On this record, it is far from apparent why trial counsel failed to seek a hearing on whether homicide charges against appellant should be transferred to juvenile court. Our cases are clear that where, as here,

> "it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment, at least for the time being, and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken."

*Commonwealth v. Turner*, 469 Pa. 319, 324, 365 A.2d 847, 849 (1976). Fairness mandates a remand here, rather than an affirmance.

Additionally, although I agree with the majority that trial counsel's failure to seek a hearing on whether charges against a juvenile should be transferred to juvenile court is not ineffective assistance *per se*, I must disagree with the majority's bold assertion that appellant has failed to establish any reasons why transfer, if requested, would have been

warranted.  The juvenile system inherently confers substantial benefits:

> "[J]udges in the juvenile courts do take a different view of their role than that taken by their counterparts in the criminal courts.  * * *
>
> [T]he juvenile system has available and utilizes much more fully various diagnostic and rehabilitative services.  * * *.
>
> [T]he end result of a declaration of delinquency *is* significantly different from and less onerous than a finding of criminal guilt.  * * *"

*Terry Appeal,* 438 Pa. 339, 348–49, 265 A.2d 350, 354–55 (1970), aff'd, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).  Further, contrary to the majority's assumption, the decision not to seek a transfer is not for counsel to make alone.  Clearly the decision to forgo the substantial benefits conferred by the juvenile system is crucial and must be shared by the juvenile.  See 42 Pa.C.S. § 6355(c) (transfer from juvenile to criminal court may be requested by "child");  ABA Project on Minimum Standards for Criminal Justice, Standards Relating to the Defense Function §§ 5.1, 5.2 (Approved Draft, 1971);  Comment, Criminal Waiver: The Requirement of Personal Participation, Competence and Legitimate State Interest, 54 Calif.L.Rev. 1262 (1966).