459 A.2d 837

**COMMONWEALTH of Pennsylvania**

v.

**Earl BROWN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1982.

Filed May 6, 1983.

Spaeth, J., filed a concurring opinion.

Brosky, J., filed a concurring opinion.

Chester T. Cyzio, Philadelphia, for appellant.

Sarah Vanderbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH, CAVANAUGH, WICKERSHAM, BROSKY, BECK and JOHNSON, JJ.

WICKERSHAM, Judge:

This is an appeal from an order denying appellant Brown's petition filed under the Post Conviction Hearing Act [1] (hereinafter PCHA). We affirm. The pertinent facts are as follows.

On July 14, 1969, two Philadelphia police officers observed Brown leaving the scene of a burglary with a box containing several items, including a television set. When the officers asked Brown to stop, he dropped the box and

1. 42 Pa.C.S. 9541 *et seq.*

ran. Brown was stopped and arrested; he subsequently confessed to committing the burglary. A motion to suppress evidence was filed on September 18, 1969 and denied on October 16, 1969 by the Honorable Vito F. Canuso.

On September 22, 1970, Earl Brown was convicted, after a non-jury trial, of the burglary, and of larceny and possession of burglary tools. Post-verdict motions were denied and Brown was sentenced to a term of imprisonment which, in total, was to be not less than two years nor more than ten years, to be served after another sentence he was already serving. Brown then obtained new counsel and appealed to this court, challenging only the sufficiency of the evidence against him. Judgment of sentence was affirmed without a published opinion in *Commonwealth v. Brown*, 220 Pa.Super. 704, 283 A.2d 88 (1971).

On January 26, 1978, Brown filed an uncounselled PCHA petition alleging the ineffectiveness of his trial and appellate counsel. New counsel was appointed to represent Brown and he filed an amended PCHA petition. After a hearing, the petition was denied. Again, new counsel for Brown was appointed; this appeal followed.

Appellant Brown frames the issues presented in this appeal as follows:

I. Was appellant denied the effective assistance of counsel in the trial court where counsel failed to preserve for appellate review the denial of defendant's motion to suppress his statement and certain physical evidence?

II. Was defendant likewise denied the effective assistance of counsel on both his direct appeal and hearing under the Post Conviction Hearing Act where neither appellate nor P.C.H.A. counsel alleged trial counsel's effectiveness in regard to the denial of Appellant's motion to suppress?

Brief for Appellant at 1.

Brown contends that his prior trial, appellate and PCHA counsel were all ineffective for failing to adequately examine the record and preserve his suppression claim. Brown

does not allege any specific irregularity in the lower court's refusal to suppress his statement or any other evidence. Rather, he argues that counsels' inattention to the potential validity of his suppression claim is in itself *prima facie* evidence of ineffectiveness mandating a remand to the lower court, even though he advances no legal or factual reason to support a conclusion that his statement, or other evidence, was improperly taken.

Initially, we note that the Pennsylvania Supreme Court recently stated in *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981):

> Assertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract.

*Id.* 492 Pa. at 563, 424 A.2d at 1335, see also *Commonwealth v. Alexander*, 495 Pa. 26, 38, 432 A.2d 182, 187 (1981) ("As successive PCHA petitions are the exceptions, concrete allegations of actual prejudice should be expressed in those petitions. Abstract assertions will not suffice ... petitioner must be able to demonstrate a specific factual predicate for prejudice caused by alleged errors....")

Section 9545(b)(1) of the PCHA even provides: "The petition must state ... all facts in support of the alleged error on which the petition is based...."

Furthermore, we note that: "The burden of establishing the ground upon which post-conviction relief is requested rests upon the person seeking that relief" *Commonwealth v. Jackson*, 494 Pa. 457, 459, 431 A.2d 944, 945 (1981) *quoting Commonwealth v. Logan*, 468 Pa. 424, 433, 364 A.2d 266, 271 (1976) and, "[i]f counsel fails to raise an *issue* in post-verdict motions or on appeal, he is deemed to be ineffective only if the issue is of arguable merit," *Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980).

In the present case, appellant Brown makes only a general claim that all prior counsel were ineffective. Nowhere does Brown tell us exactly *what* was wrong with the stewardship and disposition of his suppression motion or *how* it prejudiced him. Brown fails to allege any meaningful factual predicate at all concerning his suppression claim.[2] As was stated in *Commonwealth v. Bowers*, 245 Pa.Super. 214, 369 A.2d 370 (1976):

> Thus the case comes down to this: Appellate counsel did not raise certain issues regarding the conduct of the trial. PCHA counsel argues that this shows that appellate counsel was incompetent. He fails, however, to offer to the PCHA hearing judge any evidence that appellate counsel had no reasonable basis for not raising the issues. Such a record offers no reason for us to grant relief.

*Id.*, 245 Pa.Superior at 224, 369 A.2d at 375.

We must reject the abstract, unsupported allegations of prior counsels' ineffectiveness advanced here.

Order affirmed.

SPAETH and BROSKY, JJ., file concurring opinions.

SPAETH, Judge, concurring:

I agree with Judge BROSKY that the issues appellant argues to us have been waived because second PCHA counsel did not argue that first PCHA counsel was ineffective in not arguing that appellate counsel was ineffective in not arguing that trial counsel was ineffective. But I am

---

**2.** Brown's trial counsel made a motion to suppress Brown's statement, physical evidence and identifications. The motion was denied, however, there are no notes of testimony from the suppression hearing. Brown now argues that trial counsel, appellate counsel and PCHA counsel were all ineffective for failing to preserve issues related to the suppression hearing. It is certainly true that the absence of a record of the suppression hearing makes appellate review of the suppression court's decision impossible. Brown has not made allegations that counsel mishandled the suppression motion or that the suppression judge wrongly denied the motion. Failure to make a record of a suppression hearing is not ineffectiveness *per se* if there were no errors in the suppression decision or problems with the suppression hearing itself.

less sure than he is that we have not "rever[ted] to nineteenth century hypertechnicality." At 840, BROSKY, J. I don't know the way out of the maze we have built. A case like this suggests that perhaps it should be torn down, and we should return to the doctrine of fundamental error.

BROSKY, Judge, concurring:

I concur in the result. Like the majority, I would affirm the denial of appellant's Post Conviction Hearing Act (PCHA) petition. However, I would do so on different grounds. The majority states that appellant fails because he has not offered evidence supporting his allegations; I would say that his allegations are waived, so that, even if they were proved, they would avail him nothing.

The issues presented by appellant are:

I. Was appellant denied the effective assistance of counsel in the trial court where counsel failed to preserve for appellate review the denial of defendant's motion to suppress his statement and certain physical evidence?

II. Was defendant likewise denied the effective assistance of counsel on both his direct appeal and hearing under the Post Conviction Hearing Act where neither appellate nor P.C.H.A. counsel alleged trial counsel's effectiveness in regard to the denial of appellant's motion to suppress?

Appellant argues that trial counsel was ineffective. He also contends that counsel on direct appeal and counsel on the first PCHA petition should have alleged trial counsel's ineffectiveness. This is where the error lies. A correct statement of this PCHA petition would have argued first PCHA counsel's ineffectiveness for not raising appellate counsel's ineffectiveness in not raising trial counsel's ineffectiveness.

The ineffectiveness of counsel must first be raised at the first subsequent stage of the proceedings in which new counsel appears. A failure to do so will constitute a waiver of that claim of ineffectiveness. *Commonwealth v. Hubbard*, 472 Pa. 259 at 276–7 n. 6, 372 A.2d 687 at 695 n. 6

(1977). The presumption of such a waiver [1] can be rebutted if the petitioner can prove the existence of extraordinary circumstances justifying his failure to raise the issue.[2]

In *Commonwealth v. Seachrist*, 478 Pa. 621, 387 A.2d 661 (1978), appellate counsel raised the ineffectiveness of trial counsel. However, there had been an intervening new counsel at the post-verdict stage and appellate counsel failed to allege the ineffectiveness of post-verdict counsel in failing to raise the ineffectiveness of trial counsel. Under these facts, Justice Roberts concluded that "the issue of trial counsel's ineffectiveness is not properly preserved for appellate review." *Commonwealth v. Seachrist*, supra, 478 Pa. at 624, 387 A.2d at 663. See also *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

Another Supreme Court case provides examples of inadequate and adequate PCHA petitions. *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980). The first PCHA petition alleged only trial counsel's ineffectiveness.

> On March 26, 1979, the court dismissed appellant's petition without a hearing, finding that the issues had been waived because of appellant's failure to allege direct appeal counsel's ineffectiveness. No appeal was taken from the Court's ruling.

*Commonwealth v. Watlington*, supra, 491 Pa. at 243, 420 A.2d at 432.

A properly thought out PCHA petition followed:

> ... alleging that trial counsel was ineffective for failing to: 1) object to the ... Appellant alleged that direct appeal counsel was ineffective for failing to allege trial counsel's ineffectiveness and finally, that P.C.H.A. counsel was ineffective for failing to allege ineffectiveness on the part of direct appeal counsel.

*Id.*

The Supreme Court concluded that this second petition should not have been dismissed by the PCHA court without

1. PCHA Act, 19 P.S. 1180-4(c).

2. 19 P.S. 1180-4(b)(2).

a hearing and without the appointment of counsel. That petition, if proven, would have provided grounds for relief.

The petition before us, if proven, would provide no grounds for relief. The issue of trial counsel's ineffectiveness is waived at the second PCHA petition stage, absent a showing of ineffectiveness on the part of each of the successive counsel for failure to allege the ineffectiveness of each of the immediately preceding counsel.

Not only is this the law of this Commonwealth, there is also sound reason for it. Insistence upon a correctly worded petition is not a reversion to nineteenth century hypertechnicality in pleading. Rather, it is essential to a conceptual grasp of what is actually before the court. What is *not* before the court at a second PCHA hearing is the ineffectiveness of trial counsel—*unless* the ineffectiveness of the intervening counsel [3] is also raised.

The principle upon which this requirement is based is that of waiver. Appellate courts will not delve into issues not raised at the appropriate prior stage of the proceedings, unless there exists a compelling reason for doing so. Ineffectiveness of counsel in a criminal case, in light of the Sixth and Fourteenth Amendments, provides such a reason.

Nor is this requirement an empty form. It is indeed conceivable that trial counsel would have been ineffective in a certain regard; but that appellate (or PCHA) counsel would not have been ineffective in not raising (for tactical reasons) trial counsel's ineffectiveness. Relief at the second PCHA hearing cannot be granted upon a showing only that trial counsel erred. Other, independent, showings must also be made regarding the ineffectiveness of each of the successive counsel. These additional showings are essential. A failure to even allege them in the statement of the issues works a waiver of essential elements of appellant's case. An affirmance of the denial of the PCHA petition is, therefore, in order.

---

**3.** (Ineffectiveness in not raising the ineffectiveness of the immediately preceding counsel.)