<hr />

463 A.2d 450

**COMMONWEALTH of Pennsylvania,**

v.

**William KEHOE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1982.

Filed July 22, 1983.

Brian S. Quinn, Havertown, for appellant.

David E. Fritchey, Vram Nedurian, Jr., Assistant District Attorneys, Media, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

In this case we are called upon to review the denial of William Kehoe's petition for relief under the Post-Conviction Hearing Act.[1] Kehoe was charged with rape, kidnapping, involuntary deviate sexual intercourse and unlawful restraint. After Kehoe's suppression motion was argued and denied the case proceeded to trial before the Honorable Robert F. Kelly and a jury. The jury found Kehoe guilty of involuntary deviate sexual intercourse and unlawful restraint.

Kehoe's private counsel filed post-verdict motions and withdrew from the case; counsel from the public defender's office was appointed for Kehoe. Thereafter, Kehoe retained new private counsel and the public defender withdrew from the case. Kehoe withdrew his post-verdict motions and was sentenced to a four to ten year term of imprisonment on February 21, 1978. The public defender was appointed to represent Kehoe on appeal. Kehoe appealed the sentence he received to this court and the judgment of sentence was affirmed per curiam in *Commonwealth v. Kehoe*, 285 Pa.Super. 633, 427 A.2d 1226 (1981).

1. 42 Pa.C.S.A. § 9541–51.

Kehoe also filed a pro se petition under the Post-Conviction Hearing Act (PCHA). Counsel was appointed to assist Kehoe and hearings were held following which Kehoe's petition was denied and this appeal timely followed.

The facts underlying Kehoe's conviction were developed at trial. The victim, a nineteen year old woman, testified that in August 1976 she went out after work with her boyfriend. During the evening the victim and her boyfriend ran into Kehoe and visited several local bars in his company. The victim eventually found herself alone in a car with Kehoe, who forced her to commit a deviate sexual act and for a time prevented her from leaving the car.

William Kehoe took the stand in his own defense. Kehoe stated that he made the acquaintance of the victim's boyfriend, who offered the victim to Kehoe for forty dollars. Kehoe said he gave the boyfriend forty dollars and went off with the victim. Kehoe was prepared to have sexual intercourse with the victim but stopped because he believed she was trying to steal money from his pants pocket. Kehoe denied having oral intercourse with the victim.

In this appeal Kehoe argues that the lawyer who advised him to withdraw his post-verdict motions was ineffective for failing to pursue the post-verdict motions and that subsequent counsel were ineffective for failing to raise the ineffectiveness of post-verdict motion counsel.[2] Kehoe does not challenge any specific irregularity in his trial but rather contends that counsel's withdrawal of post-verdict motions is in itself *prima facie* evidence of ineffectiveness. No legal or factual grounds for post-verdict motions were brought to our attention.

**2.** 1. Whether the failure of appellant's counsel to raise on direct appeal the issue of the ineffectiveness of counsel at the preceding stage denied appellant effective assistance of counsel?
2. Whether appellant was denied effective assistance of counsel at the post-verdict and sentencing stages?
3. Whether appellant was denied consideration of substantive issues as a result of ineffective assistance of counsel?
Brief for Appellant at 2.

In *Commonwealth v. Brown*, 313 Pa.Super. 256, 459 A.2d 837 (1983) this court said:

> Initially, we note that the Pennsylvania Supreme Court recently stated in *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981):
>
>> Assertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract.
>
> *Id.* 492 Pa. at 563, 424 A.2d at 1335, see also *Commonwealth v. Alexander*, 495 Pa. 26, 38, 432 A.2d 182, 187 (1981) ("As successive PCHA petitions are the exceptions, concrete allegations of actual prejudice should be expressed in those petitions. Abstract assertions will not suffice ... petitioner must be able to demonstrate a specific factual predicate for prejudice caused by alleged errors....")
>
> Section 9545(b)(1) of the PCHA even provides: "The petition must state ... all facts in support of the alleged error on which the petition is based...."
>
> Furthermore, we note that: "The burden of establishing the ground upon which post-conviction relief is requested rests upon the person seeking that relief" *Commonwealth v. Jackson*, 494 Pa. 457, 459, 431 A.2d 944, 945 (1981) *quoting Commonwealth v. Logan*, 468 Pa. 424, 433, 364 A.2d 266, 271 (1976) and, "[i]f counsel fails to raise an *issue* in post-verdict motions or on appeal, he is deemed to be ineffective only if the issue is of arguable merit," *Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980).

*Id.*, 313 Pa.Superior at 259, 459 A.2d at 838–39. (Slip op. at 3–4).

Here, Kehoe makes only a general claim that all prior counsel were ineffective. Nowhere does Kehoe tell us exactly what claims could have been advanced in post-trial

motions.  We reject the abstract, unsupported allegation of ineffectiveness proffered by appellant Kehoe.

Order affirmed.

