J-S62005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN W. LYNN, | |
| Appellant | No. 641 EDA 2014 |

Appeal from the PCRA Order entered February 6, 2014,
in the Court of Common Pleas of Wayne County,
Criminal Division, at No(s): CP-64-CR-0000375-2010.

BEFORE:  ALLEN, OLSON, and OTT, JJ.

MEMORANDUM BY ALLEN, J.:                      **FILED OCTOBER 08, 2014**

John W. Lynn ("Appellant") appeals *pro se* from the order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

This Court previously summarized the factual and procedural background as follows:

> Appellant's wife found a picture of two naked bodies engaged in sexual intercourse on her computer.  [She] contacted the police believing that the two bodies in the picture were those of her minor daughter ("Complainant") and her husband, Complainant's stepfather. [Complainant was born in November of 1993.]  The police questioned Complainant, during which she disclosed that she and Appellant had been engaged in a three-year-long sexual relationship, and that she had placed the picture on her mother's computer knowing her mother would find it.
>
> Appellant was arrested and charged with, *inter alia*, Corruption of a Minor, Statutory Sexual Assault, and Involuntary Deviate Sexual Intercourse.  Prior to trial,

> Complainant recanted her initial statements to the police, and later, she recanted her recantation. As a result, the Commonwealth submitted a memorandum informing the trial court that the Commonwealth anticipated that Complainant may deny her allegations against Appellant at trial and that it intended to impeach Complainant's testimony if she contradicted her initial statements to police. At trial, Complainant denied the sexual relations with Appellant, saying she fabricated the allegations. The Commonwealth proceeded to impeach Complainant, confronting her with prior statements wherein she stated she and Appellant had been engaged in sexual relations, including both vaginal and anal intercourse.

*Commonwealth v. Lynn*, 60 A.3d 555 (Pa. Super. 2012), unpublished memorandum at 1-2 (footnote omitted). As part of its case against Appellant, the Commonwealth also introduced forensic analysis of items seized from the Complainant's bedroom, which matched Appellant's DNA.

On July 20, 2011, a jury convicted Appellant of the above charges. On November 23, 2011, the trial court sentenced him to an aggregate sentence of ten to twenty years of imprisonment. Thereafter, the trial court denied Appellant's post-sentence motion. Appellant filed a timely appeal to this Court. On August 2, 2012, we affirmed Appellant's judgment of sentence. *Lynn*, *supra*. On January 18, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Lynn*, 62 A.3d 379 (Pa. 2013).

Appellant filed a *pro se* PCRA petition on July 15, 2013, and the PCRA court appointed counsel. On October 17, 2013, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550

- 2 -

A.2d 213 (Pa. Super. 1988) (*en banc*).  On January 3, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.  That same day, the PCRA court granted PCRA counsel's motion to withdraw.  On January 14, 2014, Appellant filed a response in which he sought to amend his PCRA petition to include a claim that PCRA counsel was ineffective in his assessment of Appellant's claims.  By order entered February 6, 2014, the PCRA court dismissed Appellant's PCRA petition.  In so doing, the PCRA court specifically noted that, although Appellant preserved his claim of PCRA counsel's ineffectiveness, this allegation did "not alter the fact that the PCRA claims are frivolous and there are no genuine issues of fact in dispute."  Order, 2/6/14, at n.1.  This timely appeal followed.  Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

> I. IS [PCRA] COUNSEL INEFFECTIVE IN FILING A NO MERIT LETTER WHEN THERE ARE ISSUES OF EX PARTE COMMUNICATION BETWEEN AN ARRESTING OFFICER AND A SITTING JURY MEMBER?
>
> II. IS PCRA COUNSEL INEFFECTIVE IN HIS ASSESSMENT WHEN PCRA [COUNSEL] STATED, INEFFECTIVENESS OF TRIAL COUNSEL SHOULD HAVE BEEN RAISED DURING DIRECT APPEAL?
>
> III. IS PCRA COUNSEL INEFFECTIVE IN HIS ASSESSMENT OF TRIAL COUNSEL['S] APPROACH TO A MEDICAL EXPERT IN THE FIELD OF THE DEVELOPMENTAL PROCESS OF A CHILD?
>
> IV. IS PCRA COUNSEL INEFFECTIVE IN HIS ASSESSMENT OF TRIAL COUNSEL['S] HANDLING OF THE PLEA OFFER,

WHERE TRIAL COUNSEL STATES HE ADVISED APPELLANT OF THE PLEA, WHERE NO RECORD EXISTS?

V. IS PCRA COUNSEL INEFFECTIVE IN HIS ASSESSMENT OF [APPELLATE COUNSEL] STATING THIS CLAIM LACKS MERIT, BECAUSE IT SHOULD HAVE BEEN RAISED ON DIRECT APPEAL?

VI. IS PCRA COUNSEL INEFFECTIVE IN HIS ASSESSMENT OF THE CLAIMS OF TRIAL COUNSEL['S] INEFFECTIVENESS?

VII. DOES THE "NO-MERIT" LETTER REQUIREMENT OF THE [PCRA] PROCESS RENDER THE PCRA [ITSELF] INEFFECTIVE?

VIII. IS PCRA COUNSEL INEFFECTIVE IN HIS ASSESSMENT OF APPELLANT'S CASE?

Appellant's Brief at 4-5.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court incorporated its prior memorandum filed with its Pa.R.A.P. 907 notice. In addition, the PCRA court concluded that PCRA counsel fully complied with the **Turner**/**Finley** requirements, and agreed with PCRA counsel's assessment of Appellant's claims, determining that Appellant's appeal "lacks merit." PCRA Court Opinion, 4/15/14, at 2. Although some of Appellant's claims overlap, we address them separately.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are

subject to our plenary review." ***Id.*** Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001). Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." ***Commonwealth v. Begley***, 780 A.2d 605, 635 (Pa. 2001) (*quoting* ***Commonwealth v. Pettus***, 424 A.2d 1332, 1335 (Pa. 1981)).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012). An issue has been "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence." ***Koehler***, 36 A.3d at 131-132; 42 Pa.C.S.A. § 9544(a)(2). If a claim has not been previously litigated, the petitioner must prove that the issue was not waived. An issue will be deemed waived under the PCRA "if the petitioner could have

- 5 -

raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post[-]conviction proceeding." *Id.* at 132; 42 Pa.C.S.A. § 9544(b).

Appellant raises claims of PCRA counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Id.* "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing

to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Appellant first claims that PCRA counsel was ineffective for filing a "no-merit" letter when Appellant raised a meritorious issue regarding an instance during his trial where "a jury member had contact & conversation with one of the arresting, Pennsylvania State Police, (hereinafter) (PSP) Officers, who was also a Commonwealth witness testifying at Appellant's trial." Appellant's Brief at 8. According to Appellant, PCRA counsel was ineffective "in attempting to interview this officer as to the nature of the contact." ***Id.*** Appellant avers that PCRA counsel should have amended his *pro se* petition, and should have "requested a hearing to develop a record on this claim and a new trial in this matter." ***Id.***

The PCRA court found this claim of PCRA counsel's ineffectiveness failed because Appellant did not establish the merit of the underlying claim. As part of its Pa.R.Crim.P. 907 notice, the PCRA court explained:

> [Appellant's] PCRA contains a statement from Barbara Widmark. Ms. Widmark's statement indicates that she saw a Trooper speaking with a woman who had walked out of the courthouse. Ms. Widmark's statement indicates that [A.B., the Complainant's] mother, informed Ms. Widmark that the woman was a juror on the trial. [Appellant's] PCRA alleges that the arresting officer was the Trooper who spoke with a juror. Ms. Widmark's sworn statement indicates that she saw a Trooper speak with a woman. Ms. Widmark's statement does not indicate that the Trooper was the arresting officer. Furthermore, Ms. Widmark's statement that the woman was a juror was based upon hearsay. No credible evidence was presented to the Court that a juror was speaking with the arresting officer.

- 7 -

> Additionally, this issue is waived as [Appellant] failed to preserve this issue by objecting at trial, and [Appellant] has not asserted that Ms. Widmark's statement was newly discovered evidence.

Opinion Order and Pa.R.A.P. Notice 907, 1/3/14, at 5-6.

Our review of the record supports the PCRA court's conclusion. Initially, Appellant does not present a layered claim of ineffectiveness regarding trial counsel's failure to raise an objection to the alleged improper communication. Thus, the claim is waived. **See Koehler**, **supra**. Appellant baldly asserts "that the encounter occurred, & that thats [sic] all the law requires, as it is so hard to prove what was discussed, if a new trial isn't granted, it would be a miscarriage of justice." Appellant's Brief at 10. Appellant cites no relevant case authority for his proposition. Our review of the affidavits attached to his PCRA petition reveals, as found by the PCRA court, that Ms. Widmark's vague description of the encounter is supported by hearsay, and that A.B.'s affidavit does not mention the incident. Thus, Appellant's first issue fails.

Appellant next claims that PCRA counsel was ineffective "in his assessment of, when, [sic] [he] should have raised trial [counsel's] ineffective assistance[.]" **Id.** According to Appellant, PCRA counsel erred in stating that Appellant should have raised claims of trial counsel's ineffectiveness on direct appeal rather than in a PCRA petition. While our review indicates that PCRA counsel mistakenly made such a statement in his **Turner/Finley** letter, PCRA counsel nevertheless explained why Appellant's

ineffectiveness claims were meritless. Appellant's second issue entitles him to no relief.

In his third issue, Appellant asserts that PCRA counsel was ineffective in his assessment of Appellant's claim that trial counsel should have called an expert witness. Our standard of review is well settled:

> [W]hen raising a claim of ineffectiveness for failure to call a potential witness at trial, our Supreme Court has instructed that the PCRA petitioner must establish that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Wantz*, 84 A.3d 324 (Pa. Super. 2014). Within his *pro se* PCRA petition, Appellant does not identify in what regard trial counsel should have called an expert witness. In his Pa.R.A.P. 1925(b) statement, Appellant avers that "trial counsel is not an expert in the medical field of the development of a child as they grow and an expert in this field could have contradicted the findings of the [Commonwealth's] expert on this issue."

Our review of the record reveals that the Commonwealth did not call an expert to testify regarding child development. In rejecting Appellant's claim, the PCRA court discussed Appellant's failure to call a rebuttal expert to contradict the experts presented by the Commonwealth, who testified how DNA evidence connected Appellant to the crimes charged. Given the

foregoing, Appellant's claim is inadequate and therefore waived. *See generally*, *In re A.B.*, 63 A.3d 345 (Pa. Super. 2013).

Absent waiver, Appellant has failed to meet his burden of proof regarding this claim. *Wantz*, *supra*. According to Appellant, "[trial counsel] could have contacted any local pediatrician to review the photograph & evaluate whether the female depicted in the photograph was in fact that of a minor female or an adult female, and/or if it was the [Complainant], as a pediatrician would be an expert in the developmental stages of a minor as they grow & who also could have testified at trial as to the picture." Appellant's Brief at 12. This assertion is lacking. Appellant fails to identify any "local pediatrician" or other expert who was available and willing to testify regarding the characteristics of the female depicted in the picture. More importantly, in light of the abundance of DNA evidence linking Appellant to the crimes, as well as A.B. and the Complainant's identification of the individuals in the picture, Appellant utterly fails to establish prejudice. Again, Appellant's claim is meritless.

Appellant next claims that PCRA counsel was ineffective in his assessment of Appellant's claim involving trial counsel's alleged shortcomings regarding a plea bargain offered by the Commonwealth. The PCRA court dismissed this claim, noting that Appellant's "bald assertion that [trial counsel] denied a negotiated plea without discussing it with [Appellant] has not been developed by [Appellant] in [his] PCRA." Opinion Order and Pa.R.A.P. 907 Notice, 1/3/14, at 8.

- 10 -

In his ***Turner/Finley*** letter, PCRA counsel explained:

> From my discussion with [trial counsel], I understand that [Appellant] chose to decline the District Attorney's plea offer despite [trial counsel's] strong recommendation that he accept it. [Appellant] cannot now claim ineffective counsel where he had the opportunity, and advice, to accept a plea bargain but instead chose to reject it.

***Turner/Finley*** Letter, 10/17/013, at 3. Appellant faults PCRA counsel for this assessment, when no evidence of record exists to support trial counsel's statements. Although Appellant acknowledges that he was offered a sentence of two and one-half to five years of incarceration in return for a guilty plea, Appellant's Brief at 15, he otherwise fails to develop his claim. Thus, we will not consider it further. ***See Commonwealth v. Tielsch***, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

In his next issue, Appellant asserts that appellate counsel was ineffective for failing to properly raise claims of trial counsel's ineffectiveness. As Appellant himself noted in his second issue, claims of ineffectiveness are generally not raised on direct appeal. ***See generally Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), and its progeny. Thus, this issue is without merit.

In his sixth issue, Appellant repeats his claim that PCRA counsel was ineffective in his assessment of Appellant's allegations of trial counsel's ineffectiveness. As we have already determined that the record supports the

PCRA court's conclusions that Appellant's claims of trial counsel's ineffectiveness are meritless, we need not discuss this issue further.

In his seventh issue, Appellant avers that the ***Turner/Finley*** process is "itself ineffective, in that it denies [him] meaningful review." Appellant's Brief at 18 (capitalization omitted). Because Appellant did not raise this claim in his Pa.R.A.P. 1925(b) statement, the PCRA court did not address it. Accordingly, Appellant is raising this issue for the first time on appeal, and it is waived. ***See generally***, Pa.R.A.P. 302; ***Commonwealth v. Rolan***, 964 A.2d 398 (Pa. Super. 2008).

In his final issue, Appellant asserts that PCRA counsel was ineffective in his assessment of the sentence imposed upon him by the trial court. Again, Appellant failed to raise this claim in his Pa.R.A.P. 1925(b) statement, such that it is waived. ***Id.*** To the extent that Appellant claims his sentence is illegal because the mandatory minimum statute is "ambiguous," Appellant's Brief at 20, his argument is undeveloped. ***Tielsch***, ***supra***.

In sum, our review of the record supports the conclusions of PCRA counsel and the PCRA court that Appellant's claims of prior counsels' ineffectiveness are without merit. Thus, the PCRA court properly dismissed Appellant's PCRA petition and permitted PCRA counsel to withdraw. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judge Ott joins the disposition.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/8/2014</u>