J-S52042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE DALIE | |
| Appellant | No. 1267 EDA 2014 |

Appeal from the PCRA Order April 15, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004044-2006

BEFORE:  GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 15, 2014**

Appellant, George Dalie, appeals from the order entered in the Chester County Court of Common Pleas, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On July 19, 2006, Appellant was involved in a fight with a fellow inmate at Chester County Prison.  Appellant punched and stomped on the head of the victim.  At the conclusion of a two-day trial, on May 23, 2007, a jury convicted Appellant of aggravated assault, simple assault, assault by prisoner, and recklessly endangering another person.  On August 20, 2007,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

the court sentenced Appellant to an aggregate term of nine (9) to eighteen (18) years' imprisonment. Appellant timely filed a notice of appeal on August 28, 2007. Appellant filed a *pro se* PCRA petition on July 19, 2010, which the PCRA court dismissed without prejudice because Appellant's direct appeal was still pending. After an extended delay involving several appointments of new appellate counsel for Appellant, counsel sought and this Court granted an extension of time to file an appellate brief, with a new due date of September 3, 2010 (the Friday before Labor Day). Instead of filing the brief, counsel sought a second extension of time to file a brief on Tuesday, September 7, 2010, which this Court denied. Counsel filed a brief on September 10, 2010, which a panel of this Court deemed untimely in a judgment order on October 1, 2010, that dismissed the appeal. Counsel sought reconsideration, which was denied. Counsel then pursued a petition for allowance of appeal with our Supreme Court. On May 12, 2011, the Pennsylvania Supreme Court denied the petition for allowance of appeal. ***See Commonwealth v. Dalie***, 15 A.3d 513 (Pa.Super. 2010), *appeal denied*, 610 Pa. 615, 21 A.3d 1190 (2011).

Appellant *pro se* filed his first PCRA petition on May 23, 2013,[2] alleging that for twenty-one months he sent counsel "a minimum of ten (10) parcels of written correspondence via first class mail [] which went unanswered.

---

[2] The PCRA petition was filed on May 23, 2013, under the prisoner mailbox rule and docketed on May 31, 2013.

Within these letters, petitioner requested, *inter alia*, he be notified when his PAA was ruled upon and advised he intended to file a pro se PCRA petition to seek restoration of his direct appeal rights nunc pro tunc." (**See** Appellant's pro se PCRA Petition, 5/23/13, at 4 ¶ 32.) Appellant claimed he finally contacted the Supreme Court, which informed Appellant his PAA had been denied on May 12, 2011. (**Id.** at ¶¶ 33-34).

On June 14, 2013, the PCRA court appointed counsel. On July 18, 2013, Appellant filed a *pro se* "petition for waiver of representation by counsel and request to proceed *pro se*." Appointed counsel filed an amended petition on August 26, 2013, and asked for a hearing on appellate counsel's ineffectiveness for failing to file a timely brief on direct appeal and failing to notify Appellant of the Supreme Court's PAA decision. The court issued notice on December 2, 2013, of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. The following day, the court denied Appellant's request to proceed *pro se*. The court issued an amended Rule 907 notice on January 28, 2014, to correct a factual error and by order of the same date dismissed Appellant's open motion. The court finally dismissed the PCRA petition as untimely on April 15, 2014. Appellant timely filed a counseled notice of appeal on April 22, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue for our review:

> WHETHER THE [PCRA] COURT ERRED BY DISMISSING APPELLANT'S PCRA PETITION AS UNTIMELY WHERE APPELLANT'S COUNSEL FAILED TO ADVISE HIM THAT HIS PETITION FOR ALLOWANCE OF APPEAL TO THE SUPREME COURT OF PENNSYLVANIA HAD BEEN DENIED AND APPELLANT FILED HIS PCRA PETITION BEYOND THE TIME LIMIT SET BY STATUTE?

(Appellant's Brief at 3-4).

As a preliminary matter, we must determine whether Appellant's current PCRA petition was timely. *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa.Super. 2000). The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 358, 956 A.2d 978, 983 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A court may not examine the merits of a petition for post-conviction relief that is untimely. *Commonwealth v. Abu-Jamal*, 574 Pa. 724, 735, 833 A.2d 719, 726 (2003). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation

of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000). For purposes of the timeliness exception regarding the discovery of new facts, due diligence demands that the petitioner take reasonable steps to protect his own interests, and the petitioner must explain why he could not have obtained the new fact earlier with the exercise of due diligence; this rule is strictly enforced. *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super. 2010). *See also Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007)

(holding petitioner met exception to PCRA timeliness requirement under subsection 9545(b)(1)(ii), where petitioner alleged in *pro se* second PCRA petition that PCRA counsel's failure to file appellate brief resulted in dismissal of petitioner's appeal from denial of first PCRA petition; petitioner provided detailed description of steps he took to ascertain status of appeal, which included writing to PCRA court and Superior Court; he consequently learned on October 4, 2000—less than two months after appeal had been dismissed—that PCRA counsel failed to file brief; petitioner filed second PCRA petition on October 27, 2000, less than one month after he learned PCRA counsel caused dismissal of appeal for failure to file brief). ***Compare Commonwealth v. Carr***, 768 A.2d 1164 (Pa.Super. 2001) (holding petitioner failed to meet exception under subsection 9545(b)(1)(ii), where petitioner alleged he did not learn of counsel's failure to file direct appeal until March 25, 1999, approximately three years after petitioner's judgment of sentence became final on February 9, 1996; petitioner filed first PCRA petition on April 27, 1999; petitioner did not act with due diligence to discover if direct appeal had been filed on his behalf during one-year window to file timely PCRA petition).

Instantly, Appellant's judgment of sentence became final on August 10, 2011, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on May 23,

2013, over one year and nine months after his judgment of sentence became final. Thus, Appellant's petition is patently untimely.

Appellant attempts to invoke the "new facts" exception to the time restrictions of the PCRA. Appellant argues his counsel on direct appeal failed to notify him of the Pennsylvania Supreme Court's denial of the petition for allowance of appeal, thereby depriving Appellant of the knowledge that his judgment of sentence had become final, so he could file a PCRA petition to have his direct appeal rights reinstated *nunc pro tunc*. Appellant asserts he acted with due diligence by writing at least ten letters to appellate counsel inquiring about the status of the appeal. Appellant maintains he filed the current PCRA petition within sixty days of April 2, 2013, when he first learned that his petition for allowance of appeal had been denied. Appellant concludes the court erred when it dismissed as untimely his PCRA petition. We disagree.

In its opinion, the PCRA court reasoned:

> Even accepting [Appellant's] version of the events as true, his PCRA [p]etition fails to satisfy any of the enumerated exceptions that would excuse the late filing. The timeliness exception contained in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which his petition was based and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. Additionally, a petitioner must explain why he could not have learned the new fact earlier with the exercise of due diligence. Moreover, the due diligence rule is **strictly** enforced.
>
> In the instant PCRA [p]etition, it reasons that all the issues

raised consist of allegations claiming that [Appellant's] due process rights were violated by [Appellant's] appellate counsel. Specifically, [Appellant] alleges ineffective assistance of counsel against [direct appeal counsel] for failing to timely file a brief on his behalf with the Superior Court of Pennsylvania. Additionally, [Appellant] contends that his appeal issues were never heard by the Superior Court because of [counsel's] ineffectiveness. Although [Appellant] avers that [counsel] did not comply with...his instructions and provide him with the notice of the Supreme Court's decision regarding his [p]etition for [a]llowance of [a]ppeal; [Appellant] fails to explain why he could not have learned the new fact earlier through the exercise of due diligence.

Although [Appellant] claims that he was prevented from filing a timely PCRA petition because [counsel] failed to inform him that the Supreme Court had denied his [p]etition for [a]llowance of [a]ppeal; this contention is belied by the record. [Appellant] acknowledges that the Pennsylvania Supreme Court notified [counsel] of its denial, by letter dated May 12, 2011, but presumes the court was required to notify [Appellant] directly. The alleged failure by [counsel] to convey the Pennsylvania Supreme Court's decision to [Appellant] did not relieve Appellant of his obligation to take reasonable steps to protect his own interests. It would be disingenuous to suggest that a client bears no responsibility in maintaining contact with his attorney throughout the appellate process or for tracking the status of the case.

[Appellant] claims that he was stuck in limbo regarding the status of this appeal, [but] he waited until March of 2013 to contact the Pennsylvania Supreme Court and request the status of his case. Furthermore, Appellant alleges that over a 21-month time period, he sent appellate counsel a minimum of 10 letters that all went unanswered, [but] he waited for over two years from the filing of his [p]etition [for] [a]llowance of [a]ppeal to correspond with the Pennsylvania Supreme Court. Consequently, [Appellant] did not act with due diligence.

[T]he alleged failure by Mr. Wagner to convey the [C]ourt's decision to [Appellant] did not relieve [Appellant] of his

obligation to act with due diligence. By exercising due diligence, [Appellant] could have readily discovered whether his [p]etition for [a]llowance of [a]ppeal had been ruled upon within one year.

This is especially true in this case as [Appellant] was familiar with the filing and information requesting processes of the various Pennsylvania courts. Specifically, [Appellant] filed with or requested documents from the Court of Common Pleas, the Superior Court, and the Supreme Court. Moreover, the status of [Appellant's] case is "public information." The status of [Appellant's] case was easily accessible via mail, telephone, or the internet. Accordingly, we conclude [Appellant] did not act with due diligence. Although [Appellant] is incarcerated and may not have had unlimited access to the internet, he could have easily corresponded with the Pennsylvania Supreme Court via telephone or postal mail. [Appellant's] [p]etition for [a]llowance of [a]ppeal was filed on January 1, 2011[,] and was denied on May 12, 2011. [Appellant] had a full year from August 10, 2011, to learn the status of his case; and a mere letter or phone call to the Clerk of the Supreme Court would have revealed that his petition was denied. Furthermore, [Appellant] could have directed a third-party to inquire about the status of his case through the internet. Because appellate counsel's failure to notify [Appellant] that his [petition for allowance of appeal] was denied was easily discoverable during [Appellant's] one-year window to file a timely PCRA petition, [Appellant] did not act with due diligence to protect his own interests.

(PCRA Court Opinion, filed May 8, 2014, at 5-6) (internal citations removed) (emphasis in original). We accept the court's analysis. The Supreme Court's denial of Appellant's petition for allowance of appeal was a matter of public knowledge. Nevertheless, Appellant waited almost two years to contact the Supreme Court to inquire about that decision. Thus, Appellant's contention that he could not have discovered the outcome of his petition for allowance of appeal earlier through the exercise of due diligence is unfounded.

Moreover, **Bennett, supra**, is distinguishable, where Mr. Bennett promptly contacted this Court and the PCRA court, and learned of the "new fact"—PCRA counsel's failure to file a brief in the appeal from the denial of Mr. Bennett's first PCRA petition. Mr. Bennett ascertained the fact less than two months after the appeal had been dismissed and quickly filed a second PCRA petition within a month of discovering the dismissal. Unlike Mr. Bennett, Appellant failed to act promptly within a reasonable time to learn the outcome of his petition for allowance of appeal. Although Appellant claimed he wrote to counsel, Appellant evidently knew how to contact the Court as well, but failed to do so. Instead, Appellant appeared to be content with waiting for a response from counsel, even after an alleged ten efforts to contact counsel went unanswered. Appellant had other known means at his disposal but failed to utilize them. Appellant is therefore responsible for the prolonged delay in ascertaining the outcome of his PAA and his belated actions do not constitute the "exercise of due diligence."

Likewise, **Carr, supra**, affords Appellant no relief. In **Carr**, this Court stated:

> Trial counsel's failure to file a direct appeal was discoverable during Appellant's one-year window to file a timely PCRA petition. In fact, the expiration of Appellant's time to file a direct appeal initiated the PCRA's one-year clock. Thus, Appellant had a full year to learn if a direct appeal had been filed on his behalf. A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed. Due diligence requires that Appellant take such steps to protect his own interests.

- 10 -

*Id.* at 1168. *Carr* does not suggest that contacting a court or an attorney, absent more, amounts to due diligence. On the contrary, *Carr* supports the proposition that due diligence requires action **without needless delay**. Like the petitioner in *Carr*, Appellant allowed the one-year window to file a timely PCRA petition to expire. Appellant's bare allegation that he sent appellate counsel "numerous" letters for two years requesting information on the status of the appeal does not in itself warrant a hearing. Appellant's petition did not specify when these alleged letters were sent or provide any evidence of their actual existence. Absent any detailed description of the steps he took, Appellant's assertion is simply too generic. *See Bennett, supra*. With respect to Appellant's request for an evidentiary hearing, we note: "An evidentiary hearing…is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Scott*, 561 Pa. 617, 628 n.8, 752 A.2d 871, 877 n. 8 (2000), *cert. denied*, 532 U.S. 949, 121 S.Ct. 1419, 149 L.Ed.2d 360 (2001). Appellant was required to set forth in his petition an offer of sufficient facts upon which the PCRA court could conclude counsel was ineffective. *See Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). As presented, Appellant's assertions fall within the *Gamboa-Taylor* line of cases which hold standard ineffectiveness of counsel claims generally do not constitute exceptions to the PCRA time requirements. Based upon the foregoing, we conclude Appellant's PCRA

petition remains time-barred. *See Gamboa-Taylor, supra*. Accordingly, we affirm the dismissal of Appellant's PCRA petition as untimely.[3]

Order affirmed.

Judge Allen joins this memorandum.

Justice Fitzgerald files a dissenting statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2014

---

[3] Appellant filed a *pro se* open motion on July 30, 2014, to stay this appeal and remand the case to the PCRA court for a hearing pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998). Appellant is currently represented by counsel on appeal. Appellant also filed his motion after counsel had already filed a brief on Appellant's behalf on June 10, 2014. Thus, we deny Appellant's motion. *See Commonwealth v. Jette*, 611 Pa. 166, ___, 23 A.3d 1032, 1041-42 (2011) (stating that absent timely motion for change of counsel, in which appellant can demonstrate irreconcilable differences which preclude counsel from representing him, or perhaps timely petition for self-representation, or retention of private counsel, appellant must remain with appointed counsel through conclusion of appeal). In this context, "timely" means the motion or petition must be filed before the filing of a counseled brief. *See id.*