442 A.2d 234

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Fitzgerald LAWRENCE, Appellant.**

Supreme Court of Pennsylvania.

March 10, 1982.

502

Erwin Miller, Philadelphia (court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Eric Beller, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

LARSEN, Justice.

On February 9, 1979, following a non-jury trial, appellant was found guilty of murder of the first degree, criminal conspiracy and possession of an instrument of crime. After denying post-verdict motions, the trial court sentenced appellant to life imprisonment for the murder conviction, five to ten years for the conspiracy conviction and two and one-half to five years for the possession of an instrument of crime conviction, the latter two sentences to run concurrently with the murder sentence. Appellant appeals to this Court challenging the sufficiency of the evidence and claiming that the verdicts were against the weight of the evidence.

On March 13, 1978, 20-year-old Lamont Faison was murdered in downtown South Philadelphia. Two days after Mr. Faison's death, appellant voluntarily gave a statement to the police in which he set forth the following facts: A short time before the victim was murdered, one Darryl Ford telephoned appellant and told him to "come downtown" (quote from confession). Ford was the leader of the Taylor Street gang of which appellant had been a member since the previous summer. Appellant immediately borrowed his sister's bike and went to a pool hall in downtown Philadelphia where he met six other gang members. The leader informed the group that they were going to make "a hit" which appellant understood to mean "kill somebody or a shooting" (quotes from confession). Appellant was instructed that he was to be an intermediary whereby he was to relay a shotgun from one gang member to another. Appellant and another member strategically positioned themselves as they had been instructed. When two members from a rival gang appeared, the armed members of appellant's gang converged on them. One of the two rival members escaped unharmed but the other, Mr. Faison, was shot four times with a .38 caliber revolver. At that point, a member of the Taylor Street gang "went up to the guy real close and shot him once with the shotgun while the guy was on the

ground" (quote from confession). Appellant then received the sawed-off shotgun from the bearer, transported it by bicycle, passed it to another gang member and went home.

Subsequently, appellant repudiated this confession, claiming it was fabricated. However, Alex Harper, a member of the Taylor Street gang, testified at appellant's trial and corroborated appellant's version of the facts as set forth in his confession. Harper testified that he was at appellant's home on March 13, 1978. At approximately 11:00 a. m., Harper answered appellant's telephone and the caller, Ford, instructed Harper to put appellant on. According to Harper, appellant immediately left after the phone call. Harper stayed at appellant's house and approximately one hour later appellant returned. Shortly thereafter, Ford and other members of the gang convened at appellant's house. Appellant was instructed to stay away from certain downtown areas.

Appellant argues that this evidence is insufficient because 1) none of the eyewitnesses could positively identify him; therefore, the only evidence implicating appellant is his own confession which he later repudiated 2) an application of the facts to the statutory language contained within 18 Pa.C. S.A. §§ 2502(a) (defining first degree murder), 903(a) (defining conspiracy), 306 (liability for the conduct of another) and section 907 (possessing instruments of crime) exonerates appellant since he only accepted and performed the role of helping to dispose of the murder weapons.[1]

In response to appellant's insufficiency of evidence claim, we view all the evidence in the light most favorable to the Commonwealth accepting as true all direct and circumstan-

1. In further support of this contention, appellant directs us to a case decided in the Superior Court, *Commonwealth v. Richey*, 249 Pa.Super. 365, 378 A.2d 338 (1977). In *Richey*, the Superior Court refused to find that the wives of one of the defendants and one of his accomplices were also guilty of their husbands' crimes as accomplices. Although both women had overheard their husbands discussing the crime and helped to dispose of the weapon subsequent to a robbery, neither woman participated in planning or performing the actual robbery. *Richey* is distinguishable: appellant's preconceived participation in the instant case is manifestly divergent from that of the two women in *Richey*.

tial evidence presented by the Commonwealth which, if believed, would support a finding that the accused is guilty of the crime of which he is charged beyond a reasonable doubt. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981).

The evidence produced at appellant's trial, if believed by the trier of fact, was clearly sufficient to support the verdicts. Appellant's repudiation of his confession was purely a matter of credibility. It is the province of the trier of fact to pass upon the credibility of the witnesses and the factfinder may believe all, part, or none of the evidence. *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979). Furthermore, contrary to appellant's belief, his acceptance and performance of his role in disposing of a weapon which he knew in advance was to be used to "kill somebody . . ." (quote from confession) does not absolve him, but rather establishes his responsibility for the acts of his co-conspirators. *See Commonwealth v. Tate, supra; See also Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976). Hence, appellant's insufficiency of the evidence argument is without merit.

Appellant's remaining contention, that the verdicts were against the weight of the evidence, is also without merit.

Judgments of sentence affirmed.