J-A29038-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
              Appellee :
      v. :
:
FITZGERALD LAWRENCE, :
:
              Appellant : No. 62 EDA 2017

Appeal from the PCRA Order December 20, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0408961-1978

BEFORE: LAZARUS, PLATT,* and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 05, 2017**

Fitzgerald Lawrence (Appellant) appeals from the December 20, 2016 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

When he was 20 years old, Appellant participated in a shooting that resulted in the death of Lamont Faison, a rival gang member. Following a non-jury trial, Appellant was convicted of first-degree murder, criminal conspiracy, and possession of an instrument of crime. In 1979, he was sentenced to life imprisonment, and his sentence was affirmed by the Pennsylvania Supreme Court in 1982. ***Commonwealth v. Lawrence***, 442 A.2d 234 (Pa. 1982). Appellant did not seek *certiorari* in the United States Supreme Court.

In the years following his conviction, Appellant filed a multitude of petitions pursuant to the PCRA and its predecessor, but none merited relief.

*Retired Senior Judge assigned to the Superior Court.

On August 9, 2012, Appellant *pro se* filed the PCRA petition that is the subject of this appeal.[1] There was no activity by the PCRA court until April 20, 2016, when the court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.[2] Appellant filed a response, but on January 26, 2017, the PCRA court dismissed the petition as untimely filed. Appellant *pro se* timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Our first task is to determine whether Appellant's PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited

---

[1] Appellant filed petitions on May 15, 2014, February 9, 2016, and March 22, 2016, purporting to amend his August 9, 2012 petition. Because Appellant did not seek and obtain leave to amend his August 9, 2012 petition, his later attempts to amend the petition had no legal effect. ***See Commonwealth v. Baumhammers,*** 92 A.3d 708, 730 (Pa. 2014) (explaining that amendments are not "self-authorizing;" Pa.R.Crim.P. 905 permits amendments only by direction or leave of the PCRA court).

[2] The certified record does not indicate why it took the PCRA court almost four years to issue a Rule 907 notice. Such a long delay raises serious questions about whether justice is being served.

exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015).

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 1982. However, Appellant alleges that his petition, filed within 60 days of the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012), meets the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

In **Miller**, the Court held "that mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465 (emphasis added). In **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), the Court determined that **Miller** announced a new substantive rule of law that applies retroactively. **Montgomery**, 136 S. Ct. at 736.

Appellant was not under the age of 18 when he participated in the murder of Faison. This Court has expressly held that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring

- 3 -

themselves within the time-bar exception in [subs]ection 9545(b)(1)(iii)."
***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (citing
***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013)).

Because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition without holding a hearing. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/5/2017