J-S50037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD MCDONALD, | : | |
| | : | |
| Appellant. | : | No. 338 WDA 2018 |

Appeal from the PCRA Order, January 31, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0013138-2015.

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 26, 2019**

Edward McDonald appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. For the reasons that follow, we affirm.

In the early morning of January 23, 2015, McDonald started a fire in his own apartment at 237 East 8th Avenue in Homestead, Allegheny County. Ultimately, the fire impacted five buildings and ten victims were displaced. Two tenants suffered injuries requiring hospitalization and estimated damages at the time exceeded two million dollars.

Through an investigation, Detective Jason Costanzo and the fire marshal determined that the origin of the fire began on the second floor of unit 237 – McDonald's apartment – in the living room. Eliminating accidental or natural causes, the investigation revealed the fire was incendiary. Detective Costanzo

interviewed Renee Gudukas, one of the two of the physically injured victims. Gudukas stated that 15-30 minutes prior to the fire, she heard McDonald repeatedly pacing the common hallway up and down the stairs. Another occupant whom was interviewed, Dominic Anicola, stated McDonald had recently told Anicola that he was going to kill himself because the voices in his head were so loud. McDonald also asked Anicola for earplugs.

The agents interviewed McDonald where he revealed that he suffers from schizophrenia and other unspecified mental conditions. McDonald stated "he has not had any treatment or medication in a while and that he constantly hears voices and sounds and is tormented by visions and what the voices say to him." The agents observed these symptoms manifest themselves several times during McDonald's interview.

McDonald admitted that he emptied two containers of Zippo lighter fluid on his couch. He alleged he found the fluid in a bag in an alley near his apartment. McDonald stated "that the reason he started the fire was in response to the voices in his head and a way of dealing with stress and torment." After he lit the couch on fire, McDonald stated that he repeatedly walked around the hallway and common area until he eventually left the building and ran. *See* N.T., 6/21/16, at 10-16.

The Commonwealth charged McDonald with fifteen crimes, including various arson offenses and one count of causing or risking catastrophe. He was represented the Allegheny County Public Defender's Office. McDonald

entered a *nolo contendere* plea to all charges on June 21, 2016. The trial court postponed sentencing pending the preparation of a presentence report.

On September 15, 2016, the trial court imposed an aggregate term of four to eight years of incarceration followed by five years of probation. The court further directed McDonald to pay $115,000 in restitution, and to have a mental health evaluation and follow any treatment. McDonald filed a counseled post-sentence motion, which the trial court denied.

Thereafter, McDonald filed a *pro se* petition for reconsideration of sentence, which the trial court treated as a PCRA. The court appointed counsel, and PCRA counsel filed an amended PCRA petition on November 27, 2017. On January 18, 2018, the Commonwealth filed its answer to McDonald's petition. That same day, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss the petition without a hearing. McDonald filed a response. By order dated January 31, 2018, the PCRA court denied McDonald's amended petition. This timely appeal follows. Both McDonald and the PCRA court complied with Pa.R.A.P. 1925.

McDonald raises the following issue for our review:

1. Did the PCRA court err in denying McDonald's PCRA petition without an evidentiary hearing since trial counsel was ineffective for failing to raise the issue of McDonald's mental capacity to be guilty given the necessity for a year of in-patient treatment to provide him with the mental capacity to plea?

McDonald's Brief at 5.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011)(citation omitted). A petitioner's right to an evidentiary hearing on a PCRA claim is not absolute. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

It is within the PCRA court's discretion to decline to hold a hearing if there is no genuine issue of material fact. ***Id.*** "A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008)(citation omitted).

McDonald's claim alleges the ineffective assistance of counsel in relation to the entry of his guilty plea. As this Court has summarized:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance caused the defendant to enter an involuntary plea[.]
>
> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

- 4 -

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations omitted).

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

McDonald has failed to meet this burden. In his argument, McDonald fails to cite and discuss the three-prong ineffectiveness test set forth above.[1] His mere assertion that he was legally insane at the time he started the fire is

---

[1] Thus, McDonald's claim arguably is waived for lack of development. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

insufficient to establish ineffectiveness. Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." **Commonwealth v. Begley**, 780 A.2d 605, 635 (Pa. 2001) (quoting **Commonwealth v. Pettus**, 424 A.2d 1332, 1335 (Pa. 1981). McDonald made no such proffer.

Without such a proffer, McDonald has failed to establish that his claim of ineffectiveness has arguable merit and that he was prejudiced by counsel's omission. As the Commonwealth noted in its response to the PCRA petition, an insanity defense "requires – at a minimum – an expert witness/report opining that at the time of committing the crime the defendant was, as a result of mental disease or defect, either incapable of knowing what he/she was doing or was incapable of judging that it was wrong." Answer to PCRA Petition, 1/18/18, at 4-5 (citing, *inter alia*, **Commonwealth v. Legg**, 711 A.2d 430, 444-45 (Pa. 1998)). McDonald neither pled nor offered to prove that he had an expert witness whose testimony would establish that he was legally insane at the time he started the fire. **Compare id.** (concluding that the PCRA petitioner established arguable merit to his claim based upon testimony of a doctor who opined that the petitioner's mental condition distorted her perceptions such that she lacked the ability to form the requisite criminal intent).

Given these circumstances, the PCRA court did not err in dismissing Appellant's petition without first holding an evidentiary hearing. ***See Commonwealth v. Clark***, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2019