J-S69025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK TEPPER | : | |
| | : | |
| Appellant | : | No. 1806 EDA 2017 |

Appeal from the PCRA Order May 19, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0001877-2010.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                     **FILED APRIL 03, 2020**

Frank Tepper appeals from the order denying his first timely petition for relief filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

This Court previously summarized the pertinent facts and procedural history as follows:

> On November 21, 2009, [Tepper] was hosting a family function at his house in Port Richmond.  That same day, the victim, William Panas, and some of his friends were socializing outside a nearby building.  Around 10:30 p.m., a fight erupted between the victim, the victim's friends, and various people attending [Tepper's] family function. [Tepper], an off-duty Philadelphia police officer, went outside with a firearm and attempted to disperse the crowd. The Commonwealth's witnesses testified [Tepper] pointed his gun at them and said, "Back the fuck up."  [Tepper] then pointed the gun at the victim, who stated in response, "What

---

[*] Retired Senior Judge assigned to the Superior Court.

are you fucking going to shoot me?" One witness testified that the victim said, "[Tepper] is not going to shoot anyone." [Tepper] responded by shooting and killing the victim. Forensic evidence showed the victim's clothing had no traces of lead residue, which indicated [Tepper's] gun was at least three feet away from the victim's body when [Tepper] fired his weapon.

On February 23, 2012, following a five-day trial, a jury found [Tepper] guilty of first-degree murder, [possession of an instrument of crime, and recklessly endangering another person]. On April 4, 2012, the court sentenced [Tepper] to life imprisonment for the first-degree murder conviction, plus a concurrent term of one (1) to two (2) years' imprisonment for each of the lesser convictions. [Tepper] timely filed a post-sentence motion on April 9, 2012. On May 7, 2012, the court denied the post-sentence motion.

*Commonwealth v. Tepper*, 105 A.3d 804 (Pa. Super. 2014), unpublished memorandum at 1-2.

Tepper filed a timely appeal to this Court in which he challenged the sufficiency and/or weight of the evidence supporting his convictions. On July 29, 2014, we rejected these claims and affirmed Tepper's judgment of sentence. *Tepper*, *supra*. Tepper did not seek further review.

On June 22, 2015, Tepper filed a *pro se* PCRA petition. On July 17, 2015, newly retained counsel (current counsel) filed an amended petition, in which Tepper claimed that trial counsel was ineffective for failing to: 1) " call any of a multitude of witnesses who has seen the incident, provided interviews to police, and proffered testimony that affirmed and bolstered that of other defense witnesses"; 2) file a motion for change of venue; and 3) request a competency hearing and evaluation of Tepper because he "was so heavily medicated that he could not meaningfully participate in his own defense and

be able to knowingly waive his right to testify." **See** Amended PCRA Petition, 7/17/15, at 2. The Commonwealth filed a motion to dismiss the amended petition on November 2, 2015.

On September 22, 2016, without first seeking leave of court, Tepper's counsel filed a supplemental PCRA petition. In this petition, Tepper raised the additional claim that trial counsel was ineffective "when he failed to play [for] the jury the radio tapes that were made to 911 dispatch on November 21, 2009." Supplemental PCRA petition, 9/22/16, at 2. Tepper claims "[t]hese calls would have [corroborated his] theory that he was being attacked." **Id.** The Commonwealth filed a supplemental motion to dismiss on December 15, 2016.

On March 10, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Tepper's petition as meritless.[1] Tepper filed a response on April 4, 2017. In this response, for the first time, Tepper raised multiple additional claims including this assertion that trial counsel was ineffective for failing to: 1) object to the trial court's instruction that the jury could "infer/presume intent from the proven fact that a deadly weapon was used on a vital part of the human body"; and 2) "prepare and assert a defense that, acting as a police officer, [Tepper] had no 'duty to retreat.'" **See** Response to Dismissal of PCRA under Rule 907, 4/4/17, at unnumbered 4-5.

_____

[1] The PCRA court's Rule 907 notice does not appear in the certified record.

By order entered May 19, 2017, the PCRA court denied Tepper's PCRA petition. This timely appeal followed.[2]

Although the PCRA court did not require Tepper to file a Pa.R.A.P. 1925(b) statement, the court filed a Rule 1925(a) opinion.

Tepper raises the following six issues:

A. Whether [] trial counsel was ineffective for failing to call multiple witnesses who had witnessed the incident, provided interviews to police, and proffered testimony that confirmed the account of other defense witnesses?

B. Whether [] trial counsel was ineffective for failing to file a motion for change of venue, due to the extensive negative publicity he had received in the Philadelphia area and resulting in [Tepper] being subject to undue [prejudice] during the selection of his jury?

C. Whether [] trial counsel was ineffective for failing to play the 911 tapes to the jury which would have demonstrated that [Tepper] was being attacked and in fear of his safety?

D. Whether [Tepper] did not knowingly waive his right to testify where [he] was so heavily medicated that he could not meaningfully participate in his own defense?

E. Whether [Tepper] was deprived of due process where the trial judge instructed the jury that they can infer or presume intent from the proven fact that a deadly weapon was used on a vital part of the human body. The

---

[2] Although Tepper filed his appeal with this Court on June 14, 2017, the certified record was not promptly forwarded to this Court. After our Prothontary issued two notices to the lower court regarding its delinquency, we received the certified record on March 26, 2019. That same day, we issued the briefing schedule for the parties.

> jury was also instructed that if it found "intent," then malice was also established?
>
> F. Whether [] trial counsel was ineffective for failing to prepare and assert a defense that, acting as a police officer, [Tepper] had no duty to retreat?

Tepper's Brief at 8.[3]

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015)

(citations omitted).

The PCRA court dismissed Tepper's PCRA petition without first holding

an evidentiary hearing. As this Court has summarized:

> When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by

_____

[3] On October 28, 2019, this Court granted Tepper leave to file an amended brief. A review of the issues stated in this brief, with one noticeable exception, *see infra*, raises the same claims albeit phrased somewhat differently. We cite Tepper's original brief, because these issues, as stated, were addressed by the PCRA court in its Rule 1925(a) opinion.

further proceedings. *Id.* To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

All of Tepper's claims on appeal allege the ineffectiveness of trial counsel.[4] To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533.

In his first issue, Tepper asserts that trial counsel was ineffective for failing to present "critical witnesses who would have changed the outcome of the trial." Tepper's Brief at 13. Within his brief, Tepper then cites to multiple

---

[4] Although Tepper's fourth issue is not framed in such terms, his supporting argument challenges the effectiveness of trial counsel.

witnesses who, based on their statements to police, should have been called in addition to the five witnesses that trial counsel called in Tepper's defense at trial. *See id.* at 13-16.

This Court has reiterated a PCRA petitioner's burden when raising this claim:

> When raising a claim of ineffectiveness for failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [***Strickland v. Washington***, 466 U.S. 668 (1984)] test by establishing that: (1) the witness existed; 2) the witness was available to testify for the defense; (3) counsel know of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial[.]

***Commonwealth v. Matias***, 63 A.3d 807, 810-11 (quoting ***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012). "To demonstrate ***Strickland*** prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." Finally, "[a] failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." ***Id.***

Here, the PCRA court determined that Tepper did not meet this burden:

> Trial counsel called four witnesses to testify that the victim was the aggressor. However, [Tepper] claims trial counsel was ineffective for not calling six additional witnesses to testify to the same information. The PCRA requires that [Tepper] present upfront certifications of any witness's testimony. (42 Pa.C.S.A. § 9545(d)(1)). [Tepper] did not provide this. Instead, [Tepper] presents potential witness statements to police as proof that they would have

been available and willing to testify. [Tepper] has not provided evidence as to how the absence of [their] testimony prejudiced [him]. [Tepper] had four witnesses give similar testimony at trial, therefore there is no reasonable likelihood that the additional testimony would change the outcome of the trial. Additional witness testimony, would be nothing more than cumulative evidence which is insufficient for a finding of ineffectiveness. ***Commonwealth v. Showers***, 782 A.2d 1010, 1022 (Pa. Super. 2001). Accordingly, [Tepper's] claim lacks merit.

PCRA Court Opinion, 3/25/19, at 4-5.[5]

Our review of Tepper's PCRA petition supports PCRA court's conclusion that Tepper failed to establish one or more of the ***Matias*** criteria. Tepper's claim that he "clearly satisfied" the ***Matias*** test is refuted by our review of the record. Tepper's Brief at 16. Additionally, Tepper's bare assertion that "[t]here is no evidence that [these witnesses] weren't available and willing to testify," ***id.***, ignores his burden to prove these facts. Thus, Tepper's first issue fails.

In his second issue, Tepper claims that trial counsel was ineffective for failing to file a motion for change of venue given the extensive negative publicity his case received in the Philadelphia area that, in turn, subjected him to undue prejudice during the selection of his jury. He then cites seven news articles to support his to support his assertion that the "coverage was relentless and negative." Tepper's Brief at 18.

_____

[5] Tepper also called a fifth witness, Lylene Russell, who allegedly viewed the incident from her apartment window and whose husband called 911.

"The mere existence of pretrial publicity does not warrant a presumption of prejudice." ***Commonwealth v. Chambers***, 685 A.2d 96, 103 (Pa. 1996) (citations omitted). Our Supreme Court has explained the deference that should be given to the trial court's discretion in granting or denying a motion for change of venue:

> We have recognized that the trial court is in the best position to assess the atmosphere of the community and to judge the necessity of any requested change. In reviewing the trial court decision not to grant a change of venue the focus of our inquiry is whether any juror formed a fixed opinion of the defendant's guilt or innocence due to the pretrial publicity.
>
> A change in venue is compelled whenever a trial court concludes a fair and impartial jury cannot be selected from the residents of the county where the crime occurred. As a general rule, for a defendant to be entitled to a change of venue because of pretrial publicity, he or she must show that the publicity caused prejudice by preventing the empaneling of an impartial jury.

***Commonwealth v. Briggs***, 12 A.3d 291, 313 (Pa. 2011) (citations omitted).

The PCRA court found this claim lacked merit because Tepper failed to establish that the pretrial publicity adversely prejudiced him during jury selection:

> In his instant petition, [Tepper] does nothing more than cite to negative pre-trial publicity in order to prove a change of venue was necessary. [Tepper] did not use the notes of testimony of the *voir dire*, nor did [he] cite anything other than a few news articles found on the internet.
>
> Moreover, the transcript of the beginning of the trial shows that this Court did colloquy the jury about pretrial publicity and ensured that they had not read, watched or listened to anything about the case before coming to court.

> Furthermore, the articles cited by [Tepper] were published in the time period between November 2009 until March 2010. [Tepper's] trial took place in February 2012. [Tepper] does not account for the "cooling off" period that took place between news coverage and trial, which is sufficient to cure any potential prejudice of negative news coverage. Accordingly, [Tepper's] claim lacks merit.

PCRA Court Opinion, 3/25/19, at 5-6 (citations omitted).

Our review of the record supports the PCRA court's conclusion. Initially, we agree with the Commonwealth that Tepper's failure to provide the transcript from his *voir dire* of potential jurors renders Tepper's ability to establish his ineffectiveness claim impossible. ***See***, ***e.g.***, ***Commonwealth v. Houck***, 102 A.3d 443, 456 (Pa. Super. 2014) (finding claim waived when the defendant had not made the transcript of the proceedings at issue part of the certified record). Without this transcript, we are unable to review the PCRA court's determination that Tepper was not prejudiced by the pretrial publicity.

In his supplemental brief, Tepper makes the bare assertion that the PCRA court's finding regarding a "cooling off" period, did "not account that before trial, the "cooling off period" was reheated to a boiling point." Tepper's Supplemental Brief at 17. Tepper proffers no evidence to support this statement. Notwithstanding this shortcoming, we note that, without the *voir dire* transcript, even if true, Tepper cannot establish that his ineffectiveness claim warrants relief. ***See Briggs***, 12 A.3d at 314 (stating that, when reviewing whether an adequate "cooling off" period occurred, "[n]ormally, what prospective jurors tell us about their ability to be impartial will be a

reliable guide to whether the publicity is so fresh in their minds that it has removed their ability to be objective"). Thus, Tepper's second issue fails.

In his third issue, Tepper claims that trial counsel was ineffective for failing to play a 911 tape at trial in which the caller reports, "there's a fight at the corner of Edgemont and Elkhart," and states that "some kid was waiving [sic] a gun around and we just heard a shot." Tepper's Brief at 20. Tepper states that the contents of this call corroborated "witness statements and [Tepper's] belief that [the victim] did have a gun and was reaching for his waist." *Id.* Tepper then cites his own 911 call in which he informed the dispatcher of the location of the shooting and that he "discharged [his] firearm at someone after I was assaulted." *Id.* According to Tepper, "there was no reasonable trial strategy for not playing these 911 dispatch calls" because "[b]oth calls demonstrated that [he] believed that he was acting in self-defense when he discharged a single shot" at the victim. *Id.*

The PCRA court found that Tepper could not establish this claim of ineffectiveness:

> [Tepper] called five witnesses at trial, none of whom claimed that the victim (or any of the other young people) was [waving] a gun around. The only witness who testified to witnessing the shooting itself testified that the victim did nothing more than argue with [Tepper] just before [Tepper] shot him. Even the two new witnesses [Tepper] proffered in his first amended petition only claimed that the victim reached for his waistband, not that he pulled out or [waved] a gun. Thus, counsel would not likely have secured an acquittal if he introduced a statement that lacked corroboration and would contradict his own witness. As for the second tape, this was actually played and discussed at

- 11 -

trial. (N.T. 2/21/12, 82, 107). Accordingly, this claim lacks merit.

PCRA Court Opinion, 3/25/19, at 7.

Our review of the record supports the PCRA Court's conclusion.[6] Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. **See generally**, **Commonwealth v. Pettus**, 424 A.2d 1332 (Pa. 1981). Where the facts do not appear of record, the defendant must identify "any affidavits, documents, and other evidence showing such facts[.]" Pa.R.Crim.P. 902(A)(12)(b); **Pettus**, 424 A.2d at 1335 (explaining that when a defendant raises ineffectiveness he or she must set forth an offer to prove at an appropriate hearing facts upon which a reviewing court can conclude that trial counsel may have been ineffective). Tepper made no such proffer. This is especially true as the evidence Tepper introduced at trial was inconsistent with the 911 call.

Additionally, our review of the record does establish that Tepper's 911 call was played multiple times at trial. Although Tepper claims in his supplemental brief that the prosecution only played a "cherry picked

---

[6] The Commonwealth asserts that this claim is waived because it was raised for the first time by Tepper in an unauthorized supplemental PCRA petition, and because Tepper failed to provide any certification from trial counsel to support the claim. **See** Commonwealth's Brief at 21. We decline to find waiver, since the PCRA court addressed the claim and our review supports the court's determination that Tepper failed to meet his burden of establishing his ineffective assistance claim.

Commonwealth excerpt" of his 911 call, Tepper's Supplemental Brief at 19, he does not proffer any additional content of the call that would have benefited him at trial. Tepper's third issue warrants no relief.

In his fourth issue, Tepper asserts, "trial counsel failed to request a competency hearing and evaluation for [him] despite signs that indicated such a hearing was necessary." Tepper's Brief at 22. He then argues that, "[a]s a result, [his] waiver of his right to testify was not made knowingly." *Id.* According to Tepper, "[t]rial counsel was aware of [his] psychological condition as well as the medication that he was taking but made no effort to ascertain whether [he] was making a knowing and clear-headed decision [not to testify]." *Id.* at 23.[7]

"A defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he was incompetent to do so." *Blakeney*, 108 A.3d at 752. "Competency to stand trial is measured by the relationship between counsel and client. To be deemed competent, the defendant needs to have the ability to consult with

_____

[7] When phrasing this issue in his supplemental brief, Tepper makes no mention of his medical condition, but rather changes his argument to one in which trial counsel dissuaded him from testifying because he could be impeached by his history of misconduct while employed as a police officer. *See* Tepper's Supplemental Brief at 20-21. Because this claim was never raised in his PCRA petition, it was not addressed by the PCRA court. As this new theory of ineffectiveness is being raised for the first time on appeal, we will not consider it. *See generally*, Pa.R.A.P. 302(a).

counsel with a reasonable degree of understanding, in order to participate in his defense, and he must be able to understand the nature or object of the proceedings against him." *Id.*

Here, the PCRA court found that the record refuted Tepper's claim that he was unable to make a knowing waiver of his right to testify. The court explained:

> [Tepper] claims that he was heavily medicated during his trial. [He] also claims that he was suffering from Post-Traumatic Stress Disorder (PTSD) as a result of his involvement in several shootings and violent altercations that occurred during his employment as a police officer, as well as from being a victim in a violent robbery in 2007. However, [Tepper] is misguided.
>
> ***
>
> [Tepper] does not address these issues in his instant petition, and nothing on the record would suggest [he] was incompetent. In fact, this Court conducted a colloquy of [Tepper] in determining that he was voluntarily waiving his right to testify. [Tepper] testified that he was not under the influence of drugs or alcohol, and was not suffering from a mental illness. Accordingly, [Tepper's] claim lacks merit.

PCRA Court Opinion, 3/25/19, at 6-7 (citations omitted).

Our review of the record supports the PCRA court's conclusion that there is no support for Tepper's claim that he was incompetent to stand trial. Thus, his fourth issue, in which he claims that trial counsel was ineffective for failing to request a psychological evaluation, fails, and trial counsel cannot be deemed ineffective for failing to pursue this meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Tepper raised his fifth and sixth issue for the first time in his response to the PCRA court's Rule 907 notice. As such, the PCRA court did not address them. Thus, the claims were not properly preserved below. **_See Commonwealth v. Rykard_**, 55 A.3d 1177, 1192 (Pa. Super. 2012) (explaining that a PCRA petitioner must request leave to amend his petition in his Rule 907 response in order to raise new trial counsel ineffectiveness claims).[8]

In sum, because the PCRA court correctly concluded that all of Tepper's ineffective assistance of counsel claims lacked merit, the court properly denied his PCRA petition without a hearing. We therefore affirm its order denying Tepper post-conviction relief.

Order affirmed.

---

[8] Even were we to address these issues we would find them to be without merit. As to Tepper's fifth issue, well-settled precedents recognize the use of the inference of which Tepper complains. **_See_**, **_e.g._**, **_Commonwealth v. Hall_**, 701 A.2d 190, 196 (Pa. 1997) (holding both malice and specific intent to kill may be inferred from the use of a deadly weapon on a vital part of the victim's body). As to Tepper's sixth issue, even if Tepper had no duty to retreat, the Commonwealth adequately disproved his claim of self-defense by presenting evidence that Tepper was the aggressor and did not reasonably believe he was in imminent danger of death or seriously bodily injury. **_See generally_** 42 Pa.C.S.A. § 505.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/3/20</u>